182 So. 649

**CITY OF SHREVEPORT v. CUNNING-HAM.**

No. 34902.

June 27, 1938.

J. Bennett Johnston, of Shreveport, for appellant.

Joseph H. Jackson, City Atty., Richard H. Switzer, Asst. City. Atty., and Henry F. Turner, Sp. Asst. City Atty., all of Shreveport, for appellee.

LAND, Justice.

The defendant is charged by affidavit in the City Court of the City of Shreveport with the violation of Ordinance No. 50, adopted by the City of Shreveport on October 13, 1937.

Counsel for defendant demurred to the affidavit. The plea of demurrer was argued and overruled. Defendant was then arraigned, pleaded not guilty, and was tried and convicted. He was sentenced to pay a fine of $25, and, in default of payment, to work the same out on the streets and alleys of the City or other public works for twenty-five days. From this conviction and sentence, defendant has appealed to this Court.

(1) Ordinance No. 50 of 1937 reads as follows:

"Section 1: The practice of going in and upon private residences in the City of Shreveport, Louisiana, by solicitors, peddlers, hawkers, or itinerant merchants and transient vendors of merchandise, not having been requested or invited so to do by the owner or owners, occupant or occupants of said private residences, for the purpose of soliciting orders for the sale of goods, wares and merchandise, and/or for the purpose of disposing of and/or peddling or hawking the same, is hereby declared to be *a nuisance,* and punishable as *such nuisance* as *a misdemeanor.*

"Section 2: That the Department of Public Safety of the City of Shreveport is hereby required and directed *to suppress* the same, and *to abate any such nuisance* as is described in the first section of this Ordinance.

"Section 3: That any person convicted *of perpetrating a nuisance* as described and prohibited in the first section of this ordinance, upon conviction thereof shall be fined in a sum not less than Twenty-five ($25.00) Dollars, nor more than One Hundred ($100.00) Dollars, together with costs, or (of) proceedings, which said fine may be satisfied, if not paid in cash, by execution against the person of anyone convicted of committing the misdemeanor herein prohibited.

"Section 4. The provisions of this ordinance shall not apply to the vending or sale of ice, or soliciting orders for

the sale of ice and milk, and dairy products, truck vegetables, poultry and eggs, and other farm and garden produce, so far as the sale of the named commodities is now authorized by law.

"Section 5: It being deemed by the City Council of the City of Shreveport that an emergency exists, this ordinance shall be in force and effect from and after its passage and approval."

The specific charge made against defendant is that he "unlawfully did violate Ordinance #50 of 1937 by going upon private residences and soliciting for sale of merchandise at 430 Columbia Ave.

"In violation of the ordinances of the City of Shreveport, La., in such cases made and provided, and against the peace and dignity of the same."

Defendant moved, under the demurrer to the affidavit against him, to dismiss the charge as the same does not constitute or denounce any offence known to the laws of the City of Shreveport, or the State of Louisiana.

The reasons set forth in the demurrer are:

"1. That the City Council of the City of Shreveport is without authority to pass this ordinance because it is ultra vires.

"2. That the Legislature of Louisiana has not made it *a misdemeanor* to solicit from house to house for the sale of merchandise, but, on the contrary, recognizes such avocation and has prescribed the manner in which said occupation can be carried on by the payment of license.

"3. That the State of Louisiana, in granting the charter to the City of Shreveport, by Act No. 158 of 1898, and acts amendatory thereof, has not given to the City of Shreveport, and the City Council thereof, authority to pass an ordinance making it *a misdemeanor* to solicit the sale of merchandise from house to house.

"4. That said ordinance is in violation of the Constitution of the State of Louisiana and of the amendments to the Constitution of the United States, guaranteeing the personal liberties of parties and as being class legislation.

"Wherefore, Mover prays for judgment dismissing and discharging him from said premises."

■ (1) The contention of defendant that the affidavit in this case does not denounce any offense known to the City of Shreveport, or the State of Louisiana, is without merit.

The Charter of the City of Shreveport, Act No. 74 of 1934, Section 2, Paragraph (7), declares:

"That the said City of Shreveport shall have, and is hereby given the following powers, to-wit: * * *

"To regulate all shows and theatres, and to regulate *(or suppress)* all circuses, billiard tables, bowling alleys, concerts, itinerant sellers of medicine, corn doctors, pet bear exhibitions for pay, fortune tellers, cane or knife racks and like devices, gift enterprises, lung testers, feather renovators, muscle testers, or developers, *peddlers,* flying jennies, pistol or shooting

galleries, theatrical exhibitions, skating rinks, roller coasters, and other like things, dance houses and rooms, keno rooms, opium dens, hop joints, and clairvoyants * * *."

It. is therefore clear that the City of Shreveport is specifically given, in Section 2, Paragraph (7) of its charter, the power "to regulate or *suppress* peddlers."

Ordinance No. 50 of 1937 of the City of Shreveport does not pretend "to *suppress*" peddlers *altogether*. It does not prohibit a peddler from hawking his goods in the street, or upon a sidewalk in front of private residences. This ordinance only declares to be a *nuisance* "the *practice of going in and upon private residences in the City of Shreveport, Louisiana,* by solicitors, peddlers, hawkers or itinerant merchants and transient vendors of merchandise, *not having been requested or invited so to do by the owner or owners, occupant or occupants of said private residences,* for the purpose of soliciting orders for the sale of goods, wares and merchandise, and/or for the purpose of disposing of and/or peddling or hawking the same."

Under this ordinance a housewife may invite a peddler or solicitor into her private residence, and purchase, or give him an order for, his goods.

Many frauds, however, are perpetrated upon unsuspecting housewives by strange peddlers in the sale of their shoddy goods, and many fraudulent. schemes are worked upon housewives by strange solicitors, who allow discounts for cash payments in full, and keep the money and do not send in the orders.

The police power extends, not only to the protection of the lives, health and property of the citizens, and to the preservation of good order and public morals, but it also extends to the prevention of fraud and deceit, cheating and imposition, and regulations calculated to prevent, and, protect the people against, the consequences of such fraud, deceit, cheating and imposition are clearly constitutional. City of New Orleans v. Schick, 167 La. 674, 120 So. 47; Ruling Case Law, Vol. 6, Sections 199 and 202.

(2) It is true that the State of Louisiana licenses peddlers. The Legislature was well aware of that fact when a new charter was granted to the City of Shreveport in 1934 with the right "to regulate *or suppress*" peddlers *as a nuisance*. But we know of no law in this State that gives to a licensed peddler the right, *carte blanche,* to enter a private residence for the sale of his goods. Nor do we know of any authority vested in the State of Louisiana to grant to a peddler any such arbitrary or unreasonable privilege under his license regardless of the consent or invitation of the owner or the occupant.

As no such legal right exists, the alleged deprivation of such right asserted by defendant, is not obnoxious to the liberty of contract which a peddler or solicitor may claim under either the State Constitution or the Federal Constitution, Const.La.1921, art. 4, § 15; U.S.C.A. Const. art. 1, § 10, cl. 1. Besides, liberty of contract must yield necessarily to the legitimate exertion of its police power by

the State, and by its municipalities acting under plenary delegation of such power, as in the instant case.

■ (3) Defendant contends that in granting the charter to the City of Shreveport, the Legislature has not given to the City and its Council authority to pass an ordinance making it *a misdemeanor* to solicit the sale of merchandise from house to house. As this is the case, the designation of the violation of the ordinance as *a misdemeanor* is a mere *misnomer* that does not affect its validity at all, since the State has delegated to the City of Shreveport in its charter, Act No. 74 of 1934, full and complete power to pass Ordinance No. 50 of 1937, under which defendant has been convicted. The penalty imposed is fully justified by Act No. 25 of 1920, which authorizes, for a breach of the ordinances of the City, a fine not exceeding $600, and imprisonment not exceeding 60 days for each offense, and, in default of payment of fine, the person convicted may be ordered to work out same on the streets and alleys of the city or other public works, at the rate of one dollar a day for each day of labor performed.

■ As the jurisdiction of the Judge of the City Court of the City of Shreveport extends to the trial of misdemeanors, and also of violations of municipal ordinances, there can be no serious question raised as to the jurisdiction of the trial court in this case. Act No. 96 of 1921, Ex.Sess.; Constitution of 1921, Article 7, Section 51, as amended by Act No. 79 of 1934.

(4) The assertion of the defendant that the ordinance in question is class legislation is not well founded.

■ " 'Legislation which affects alike all persons pursuing the same business under the same conditions is not such class legislation as is prohibited by the Constitution of the United States or of the State.' State v. Schlemmer, 42 La.Ann. 1166, 8 So. 307, 10 L.R.A. 135." State v. Malory, 168 La. 742, 751, 123 So. 310, 313.

■ "A very wide discretion must be conceded to the legislative power of the state in the classification of trades, callings, businesses, or occupations which may be subjected to special forms of regulation or taxation through an excise or license tax." Brown-Forman Co. v. Kentucky, 217 U.S. 563, 30 S.Ct. 578, 580, 54 L.Ed. 883.

■ "It is established that a distinction in legislation is not arbitrary, if any state of facts reasonably can be conceived that would sustain it, and the existence of that state of facts at the time the law was enacted must be assumed." Rast v. Van Deman & Lewis Co., 240 U.S. 342, 36 S.Ct. 370, 374, 60 L.Ed. 679, L.R.A.1917A, 421, Ann.Cas.1917B, 455.

■ Section 4 of the ordinance declares that:

"The provisions of this ordinance shall not apply to the vending or sale of ice, or soliciting orders for the sale of ice and milk, and dairy products, truck, vegetables, poultry and eggs, and other farm and garden produce, so far as the sale of the

named commodities is now authorized by law."

The exemptions granted in Section 4 of the ordinance do not establish, in our opinion, an arbitrary distinction and create an unreasonable discrimination, as the persons exempted are necessarily in a different class from the persons regulated by the ordinance, which operates alike upon all persons similarly situated.

The persons exempted in Section 4 of the ordinance are engaged in the sale, or in the soliciting of orders of sale, of ice, milk, vegetables, etc., necessary commodities for daily use. They are occupied in supplying a public need from day to day. We assume that this fact was recognized by the City Council of Shreveport in exempting such persons in Section 4 of the ordinance from its operation. We also assume that the City Council duly appreciated the public inconvenience that would result from including such vendors and solicitors within the prohibitive terms of the ordinance. Besides, the reasons stated in this opinion for including solicitors and peddlers in the ordinance do not apply to the vendors, or to the solicitors of orders of sale, of such necessary commodities.

Our conclusion is that Ordinance No. 50, adopted by the City of Shreveport on October 13, 1937, is constitutional and valid.

The conviction and sentence appealed from are affirmed.

FOURNET, J., took no part.