45 So.2d 79

## CITY OF ALEXANDRIA v. JONES.

### No. 39633.

Feb. 13, 1950.

Joe Van Derveer, Chattanooga, Tenn., Stafford & Pitts, Alexandria, for defendant-appellant.

Frank H. Peterman, City Attorney, Alexandria, for appellee.

MOISE, Justice.

This appeal has been prosecuted from a judgment of the City Court of Alexandria Ward, Rapides Parish, Louisiana, which found the defendant guilty of violating Penal Ordinance No. 500 of the City of Alexandria, "regulating solicitors, peddlers, hawkers, itinerant merchants or transient vendors of merchandise in the City of Alexandria, Louisiana: declaring it to be a nuisance for those engaging in such pursuits to go in or upon private residences without having been requested or invited to do so: providing penalties for the violation hereof: repealing all ordinances in conflict herewith."

The prosecution was based upon an agreed statement of facts, which we summarize briefly as follows: Defendant is an employee of Olan Mills, Incorporated of Tennessee, a corporation chartered under the laws of Tennessee and qualified to do and doing business in Louisiana. The business in which it is engaged is the manufacture, processing and finishing of photographs (in Tennessee), for which sales units, to one of which defendant Sam Jones belonged, solicit orders from door to door (in Tennessee and other states.) Defendant Sam Jones called at the doors of three private residences in the City of Alexandria on September 8, 1949, and solicited orders for photographs in behalf of his employer, without having been invited or requested to do so by the occupants or the owners of the residences. He was arrested and charged with violating Penal Ordinance No. 500. He filed a motion to quash (which was overruled), urging that the going in and upon private residences is not a nuisance and is beyond the power of the City of Alexandria to suppress, and that the ordinance violates Section 2, Article 1, of the Constitution of Louisiana and also the Fourteenth Amendment of the Constitution of the United States.

The question presented for our consideration is the power of the City to enact, and the constitutionality of the enactment.

An ordinance of the City of Shreveport, the provisions of which are practically identical with the ordinance herein attacked, was held constitutional and valid by this Court in City of Shreveport v. Cunningham, 1938, 190 La. 481, 182 So. 649. That case is the last expression of this Court on the subject of ordinances regulating sales by peddlers,

hawkers, etc.; and we are urged to overrule it. But that case is well-reasoned, and what was said there is applicable to the ordinance presently before us, 190 La. 481, 489ff., 182 So. 649, 651ff. :—

"Ordinance No. 50 of 1937 of the City of Shreveport does not pretend 'to *suppress*' peddlers *altogether*. It does not prohibit a peddler from hawking his goods in the street, or upon a sidewalk in front of private residences. This ordinance only declares to be a *nuisance 'the practice of going in and upon private residences in the City of Shreveport, Louisiana,* by solicitors, peddlers, hawkers or itinerant merchants and. transient vendors of merchandise, *not having been requested or invited so to do by the owner or owners, occupant or occupants of said private residences,* for the purpose of soliciting orders for the sale of goods, wares and merchandise, and/or for the purpose of disposing of and/or peddling or hawking the same.' * * *

"It is true that the State of Louisiana licenses peddlers. * * * But we know of no law in this State that gives to a licensed peddler the right, *carte blanche,* to enter a private residence for the sale of his goods. Nor do we know of any authority vested in the State of Louisiana to grant to a peddler any such arbitrary or unreasonable privilege under his license regardless of the consent or invitation of the owner or the occupant.

"As no such legal right exists, the alleged deprivation of such right asserted by defendant, is not obnoxious to the liberty of contract which a peddler or solicitor may claim under either the State Constitution or the Federal Constitution, Const.La.1921, art. 4, § 15; U.S.C.A.Const. art. 1, § 10, cl. 1. Besides, liberty of contract must yield necessarily to the legitimate exertion of its police power by the State, and by its municipalities acting under plenary delegation of such power, as in the instant case. * * *"

The validity of an earlier ordinance of the City of Alexandria, substantially embodying the same provisions as the one before us, in relation to the provisions of the United States Constitution, which were claimed to have been violated, was sustained by the United States District Court for the Western District of Louisiana in the case of Breard v. City of Alexandria, 1947, 69 F.Supp. 722. The main part of that earlier ordinance corresponds to Section 1 of Penal Ordinance No. 500, herein attacked, and reads:

" 'Section 1. Be it ordained by the council of the City of Alexandria, Louisiana, in regular session convened, that the practice of going upon private residences in the City of Alexandria, Louisiana by solicitors, peddlers, hawkers or itinerant merchants and transient vendors of merchandise *not having been requested or invited so to do by the owner or owners,* occupant

or occupants, of said private residences, for the purpose of soliciting orders for the sale of goods, wares and merchandise, and/or for the purpose of disposing of any (and) /or peddling or hawking the same, is hereby prohibited and declared to be unlawful.' (Italics ours.)" 69 F.Supp. at page 723.

In concluding that the above ordinance was not discriminatory or arbitrary, and constituted a fair exercise of the police power without infringing or violating any of the rights guaranteed by the United States Constitution, the Court said, 69 F. Supp. at page 723ff. :

"The new law provides for no permit, no bond, no discretion being vested in any one and straight-away prohibits and declares it to be unlawful for solicitors, etc., to go upon private premises, unless they have 'been requested or invited so to do by the owner.'

"There is no burden on interstate commerce here, because there is no license required, there is no permit necessary, there is no authority and power left in the discretion of anyone. All solicitors from out of state are treated alike, there is no prohibition of interstate commerce; all the solicitor has to do is to get on a telephone and get an invitation to call at the home.

"The prohibition of the promiscuous entry into private residences is the proper exercise by the city of Alexandria of the police power vested in it by the state of Louisiana.

\*    \*    \*    \*    \*    \*

"Therefore, the ordinance before us for consideration is not in violation of State law and our supreme court has indicated that it is not a violation of the Federal law.

\*    \*    \*    \*    \*    \*

"We conclude that the instant ordinance does not prohibit the plaintiff from engaging in his business, but merely regulates the manner in which he shall conduct that business. This is a right which the state may exercise under its police power, and is not in violation of Federal law.

\*    \*    \*    \*    \*    \*

" \*    \*    \* a municipality may prohibit a certain manner of doing business, if all in the same class are treated alike. There is no absolute prohibition by the instant ordinance of the selling of magazines within the city of Alexandria; only a certain manner of soliciting the sale of magazines is prohibited under the police power.

\*    \*    \*    \*    \*    \*

"Barbier v. Connolly, 113 U.S. 27, 5 S. Ct. 357, 359, 28 L.Ed. 923, is an old case— one cited often in the lecture halls of our law schools—and the following language from it appeals to us:

" 'The fourteenth amendment, in declaring that no state "shall deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws," undoubtedly intended not only that there should be no arbitrary deprivation of life or liberty, or arbitrary

spoliation of property, but that equal protection and security should be given to all under like circumstances in the enjoyment of their personal and civil rights; that all persons should be equally entitled to pursue their happiness, and acquire and enjoy property; that they should have like access to the courts of the country for the protection of their persons and property, the prevention and redress of wrongs, and the enforcement of contracts; that no impediment should be interposed to the pursuits of any one, except as applied to the same pursuits by others under like circumstances; that no greater burdens should be laid upon one than are laid upon others in the same calling and condition; and that in the administration of criminal justice no different or higher punishment should be imposed upon one than such as is prescribed to all for like offenses.

" 'But neither the amendment—broad and comprehensive as it is—nor any other amendment, was designed to interfere with the power of the state, sometimes termed its police power, to prescribe regulations to promote the health, peace, morals, education, and good order of the people, and to legislate so as to increase the industries of the state, develop its resources, and add to its wealth and prosperity.' "

The defendant's presentation of facts is ingenious, and there is a dramatic fulness of particulars, but the cases discussed come from jurisdictions other than our own. The defendant argues that by reason of these cases the doctrine of *stare decisis* should not be applied. He says: " 'There is no virtue in sinning against light or in persisting in palpable error, for nothing is settled until it is settled right.' " The rule of *stare decisis* does admit of exceptions, where the former determination has been evidently contrary to reason, and "the judge in such a case does not pretend to answer a new rule of law, but rather to vindicate the old from misrepresentation; for, if it be found that the former decision is manifestly absurd and injurious, it is obviously a bad determination of what the true law is, and thus being bad law, should not be followed."

A re-examination of Breard v. City of Alexandria and City of Shreveport v. Cunningham confirms our opinion that the principles there in enunciated and the conclusions reached are both legal and proper.

For the reasons assigned, the judgment and conviction appealed from are therefore affirmed.