73 So.2d 791 (1954)
225 La. 648
OLAN MILLS, INC. OF TENNESSEE
v.
CITY OF BOGALUSA et al.
No. 41109.
Supreme Court of Louisiana.
January 11, 1954.
On Rehearing May 31, 1954.
*792 Henry N. Richardson, Bogalusa, for appellants.
Bascom D. Talley, Jr., James D. Johnson, Jr., Ruth Gentry Talley, Bogalusa, Joe Van Derveer, Chattanooga, Tenn., for appellee.
HAMITER, Justice.
On October 27, 1952, Jane A. Johnson, a district manager of Olan Mills Incorporated of Tennessee, was arrested under an affidavit, filed in the City Court of Bogalusa in Washington Parish, charging that on or about such date she "did unlawfully, maliciously and wilfully violate Ordinance No. 416 by being an itinerant vendor of photographs and selling and/or attempting to sell photographs in Bogalusa."
The ordinance, adopted by the named municipality as an emergency measure, provided for the licensing of itinerant vendors; it regulated their sales of goods and merchandise; and it stipulated penalties for the violation of the provisions thereof. Thereunder, Miss Johnson's employer, Olan Mills Incorporated of Tennessee, in order to solicit business in the City of Bogalusa, was required to furnish a $2,000 bond for the protection of the public (conditioned upon the faithful performance of its obligations as a transient photographer) and also to pay a license fee of $50 for each of its solicitors, receiving therefor a permit valid for a period not exceeding forty days. But it did not comply with these requirements.
Nor did Miss Johnson or her employer offer a defense in the above described criminal proceeding commenced in the Bogalusa City Court. Rather, on the day following the arrest, the employer instituted this civil action in the district court of the Parish of Washington to enjoin the enforcement of Ordinance No. 416, so as to restrain interference with its business activities, and to obtain a decree declaring such ordinance to be unconstitutional, null and void. In the petition plaintiff alleged that the ordinance violates certain provisions of the statutes and Constitution of the State of Louisiana and, further, that thereby an undue burden is imposed upon and discrimination results against interstate commerce in which petitioner is engaged. Impleaded as defendants were the City of Bogalusa and its mayor and chief of police.
On the filing of the suit the district court ordered that the defendants be temporarily restrained from proceeding with the enforcement *793 of the ordinance and that they show cause why a preliminary writ of injunction should not issue. Thereupon, defendants moved to dissolve the temporary restraining order, urging various grounds; and, with respect to the rule nisi, they filed exceptions to the jurisdiction ratione materiae, of no right and no cause of action, and of lis pendens. Answering, they denied that Ordinance No. 416 is illegal and prayed that the demands of plaintiffs be rejected.
After a hearing, involving both the motion to dissolve and the rule nisi, the court rendered a judgment (supported by written reasons) decreeing that Ordinance No. 416 of the City of Bogalusa is unconstitutional, null and void, and ordering that a preliminary writ of injunction issue enjoining and prohibiting the defendants from enforcing the provisions of the ordinance. This appeal followed.
Indubitably, the assailed ordinance is a regulatory measure, enforceable by a criminal penalty, in the adoption of which the municipality was attempting an exercise of its police power. This being true and in the absence of the extraordinary circumstances hereinafter discussed the district court, proceeding as a court of equity, is without right to interfere with the enforcement of it, the general rule being that courts of equity, having jurisdiction in civil matters only, have no authority to prevent by injunction the enforcement of the criminal laws of the state or the penal ordinances of a municipality. In a cause of this kind, according to our established jurisprudence, "* * * no injunction should be granted unless there be found three concurring conditions, towit, the invasion of a property right must be clearly shown, the unconstitutionality or illegality of the ordinance must be manifest, and the judge must be satisfied that the applicant is threatened with irreparable injury, against which the law, as administered in the courts vested with jurisdiction of the prosecution, affords no adequate remedy. If either of these conditions is lacking, the civil district court is without jurisdiction to issue the writ." Godfrey v. Ray, 169 La. 77, 124 So. 151, 154 and Le Blanc v. City of New Orleans, 138 La. 243, 70 So. 212.
The district judge, in ordering the preliminary writ of injunction, gave recognition to the above stated legal principles. However, he found to be satisfied the three conditions requisite for granting injunctive relief.
Whether the ordinance be valid or invalid we cannot conclude that plaintiff is threatened with irreparable injury, against which the law, as administered in the Bogalusa City Court that is vested with jurisdiction of the prosecution, affords no adequate remedy. In numerous cases involving analogous situations we held, in refusing to enjoin enforcement of penal ordinances and criminal statutes, that each of the complaining parties had ample and immediate remedy under the law, without the need of calling into exercise the equity powers of any tribunal. In some we specifically pointed out that the litigant had full opportunity to raise and have adjudicated all appropriate issues in the court in which the enforcement was sought, and, further, that he had the right of a direct appeal to the Supreme Court from the decision on those issues. Devron v. First Municipality, 4 La.Ann. 11; Levy & Company v. City of Shreveport, 27 La.Ann. 620; City of New Orleans v. Becker, 31 La.Ann. 644; Hottinger v. City of New Orleans, 42 La.Ann. 629, 8 So. 575; State v. Crozier, 50 La. Ann. 245, 23 So. 288; Boin v. Town of Jennings, 107 La. 410, 31 So. 866; Mathews v. Town of Farmerville, 121 La. 313, 46 So. 339; Louisiana Oyster & Fish Co. v. Police Jury, 126 La. 522, 52 So. 685; Osborn v. City of Shreveport, 143 La. 932, 79 So. 542, 3 A.L.R. 955.
Parenthetically, it is proper to observe that this plaintiff, prior to the arrest of its employee, might well have questioned the validity of the ordinance in an appropriate court of law under the provisions of the Uniform Declaratory Judgments Act, LSA-R.S. 13:4231 et seq., adopted in 1948. As stated therein, "Any person interested *794 under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."
Nevertheless, plaintiff now contends that it enjoys the privilege of soliciting photography business in the City of Bogalusa, such constituting a property right with respect to which it will sustain injury without adequate relief if the exercise of its calling be prevented, because ascertainment of the amount of damages to be occasioned would be impossible. This court was confronted with a similar situation in most of the cases cited supra; yet it held that the legality or applicability of the penal laws involved could not be tested in injunction proceedings initiated by the complaining parties. Thus, the respective complainants were prohibited (1) in the Devron case from selling groceries in a vegetable market, (2) in the Levy case from operating a private market, notwithstanding that a license therefor had been obtained from the state, (3) in the Becker case from maintaining a coffee house in connection with a saloon, unless and until a license tax imposed by the city be paid, (4) in the Hottinger case from continuing operations of a dairy in a particular locality that had been established there for many years, (5) in the Boin case from operating a bar room in a municipality, even though he had paid federal, state and parish licenses for the year, (6) in the Crozier case from manufacturing or selling commercial fertilizer without complying with each and all of the requirements of the applicable state statute, (7) in the Louisiana Oyster & Fish Co. case from conducting the business of commercial fishing in the lakes and bayous of Assumption Parish, unless a seine of fifty feet or less in length be used, notwithstanding that it had secured a state license for commercial fishing in all of the waters of Louisiana, (8) in the Osborn case [143 La. 932, 79 So. 543] from maintaining and operating an undertaking shop on certain residential property, the purchase of which was contracted for subsequent to the adoption of a municipal ordinance which forbade such an enterprise "except on the business streets of the city", and (9) in the Le Blanc and Godfrey cases from carrying passengers for fares, in vehicles on the streets of New Orleans, without furnishing a maintenance bond and complying with other requirements of the municipal ordinance.
Incidentally, with respect to the question of whether the itinerant vendor herein has a property right that will be irreparably injured by the enforcement of the alleged illegal Ordinance No. 416, our decisions in City of Shreveport v. Cunningham, 190 La. 481, 182 So. 649 and City of Alexandria v. Jones, 216 La. 923, 45 So.2d 79, are seemingly pertinent. In the first of these the defendant was prosecuted for violating a penal ordinance which denounced as a nuisance the practice by transient vendors and others of going in and upon private residences in the City of Shreveport and soliciting orders from the occupants thereof without their invitation so to do. In demurring to the charge defendant asserted that the Louisiana Legislature had recognized the occupation of soliciting from house to house for the sale of merchandise and had prescribed the manner in which it could be carried on by the payment of a license. Further he asserted, among other things, [190 La. 481, 182 So. 651] "That said ordinance is in violation of the Constitution of the State of Louisiana and of the amendments to the Constitution of the United States, guaranteeing the personal liberties of parties * * *.'" Holding the ordinance to be constitutional and valid, and in answering the mentioned assertions, this court said:
"It is true that the State of Louisiana licenses peddlers. The Legislature was well aware of that fact when a new charter was granted in the City of Shreveport in 1934 with the right `to regulate or suppress' peddlers as a nuisance. But we know of no law in this State that gives to a licensed peddler the right, carte blanche, to enter a *795 private residence for the sale of his goods. Nor do we know of any authority vested in the State of Louisiana to grant to a peddler any such arbitrary or unreasonable privilege under his license regardless of the consent or invitation of the owner or the occupant.
"As no such legal right exists, the alleged deprivation of such right asserted by defendant, is not obnoxious to the liberty of contract which a peddler or solicitor may claim under either the State Constitution or the Federal Constitution * * *."
The above extract from the Cunningham opinion was quoted with approval in the later Jones case which involved a similar ordinance and was a criminal prosecution of an employee of the instant plaintiff who, at the time of his arrest, was engaged in soliciting orders for photographs in the City of Alexandria in behalf of such employer. Moreover, the decisions of the Cunnigham and Jones cases were affirmed in the still later case of City of Alexandria v. Breard, 217 La. 820, 47 So.2d 553 that involved a like ordinance.
Of course, there are cases in our jurisprudence, factually dissimilar to those discussed above and to the instant matter, in which we concluded that the owners of unquestioned property rights clearly had no means of testing in courts of law the validity of enactments which allegedly threatened untold injury to them and that their only remedy for relief was by injunction proceedings in a court of equity. For example, in L'Hote v. City of New Orleans, 51 La.Ann. 93, 24 So. 608, 609, the plaintiff sought to enjoin the enforcement of an ordinance which brought in close proximity to his residence an area designated for houses of prostitution, he pleading the unconstitutionality of the enactment and alleging that thereby his property was rendered unfit for a family dwelling and, hence, was greatly depreciated in value. Although the plaintiff was not (and could not be) charged with violating the ordinance, the city argued that the injunction should not issue because, among other things, it was directed against the enforcement of a penal law. Respecting this argument, the court commented: "It is clear that the civil district court has no jurisdiction to restrain prosecutions for crime confided by the law to the criminal courts. No prevention of such prosecutions is attempted. The plaintiff seeks the injunction for the protection of his rights of property, menaced, as he conceives, by an illegal ordinance. The right of the citizen to that protection is too clear to permit dispute, and, in our view, the petition contains all that is essential to secure relief at our hands, if the allegations in the petition are supported. * * *" (Italics ours.) Later, in Le Blanc v. City of New Orleans, supra [138 La. 243, 70 So. 222], the court referred to the plaintiff in the L'Hote case and said: "* * * His case was therefore a typical one, in the respect that the ordinance was alleged to be illegal and to operate an invasion of his rights, and, as he was not to be prosecuted under it, his only remedy was to attack it in a court of civil jurisdiction, and part of that remedy was the injunction which stayed the destruction, in character and value, of his property, until the case could be decided. * * * the authority conferred by the Code of Practice (article 303) to issue an injunction * * * confers no authority to enjoin a municipality from prosecuting for violations of one of its ordinances, save in the excepted case, where there is an actual or threatened invasion of property rights, no adequate remedy at law, and the ordinance is (and not merely alleged to be) illegal. * * *"
Again, in New Orleans Baseball & Amusement Co., Limited v. City of New Orleans, 118 La. 228, 42 So. 784, 7 L.R.A., N.S., 1014, the plaintiff purchased a plot of ground with the intention of erecting and operating thereon a baseball park. Some seventeen days later the council of the City of New Orleans adopted a penal ordinance prohibiting the establishing of a baseball park in an area of which plaintiff's property was a part. An enjoining of the threatened enforcement of this ordinance was permitted pending the attack made on it, plaintiff having had no adequate remedy in a court *796 of law to test its validity (no violation thereof could occur without the spending and risking of a large sum in establishing and equipping the park) and rights of property having been jeopardized.
Of somewhat similar nature was the situation in Patout Brothers v. Mayor & Board of Trustees of City of New Iberia, 138 La. 697, 70 So. 616. Therein the plaintiffs were commencing to enlarge a building for their livery stable business when threatened with criminal prosecution under an ordinance (enacted subsequent to the establishment of the business) prohibiting the operation of a venture of that kind in the residential area unless certain required authorizations be obtained. They were granted injunctive relief because the city was interfering directly with a right to the use of their property, against which there was no adequate relief in law.
The circumstances of the instant cause, unlike those of the last mentioned three cases, are not sufficient to render inapplicable the general rule respecting injunctive relief, hereinabove enunciated. Hence, we must hold that the preliminary writ of injunction was unauthorized and was improperly issued.
For the reasons assigned the judgment of the district court is reversed and set aside, defendants' exceptions of no right and no cause of action are now sustained, and plaintiff's suit is dismissed at its costs.
FOURNET, C. J., dissents and will assign reasons.
McCALEB, J., dissents with written reasons.
LE BLANC, J., dissents.
McCALEB, Justice (dissenting).
The ordinance under attack herein is not primarily a penal law; it is an ordinance imposing an occupational license upon itinerant vendors doing business in the city of Bogalusa and is plainly violative of Section 8 of Article 10 of the Constitution because the license tax imposed is greater than that levied by the State on the same occupation. Hence, none of the authorities relied on by the majority is apposite.
But, even if they were, the result reached herein is not correct in my opinion. This is because the suit fully meets the test laid down in Le Blanc v. City of New Orleans, 138 La. 243, 70 So. 212, for the issuance of an injunction in cases involving penal statutes. Since the ordinance is palpably unconstitutional, it remained only for plaintiff to show that the tax constitutes an invasion of its property rights and that, by the enforcement of the levy, it will suffer irreparable injury.
It is my view that, inasmuch as the occupation of itinerant vendor is a lawful calling in the city of Bogalusa, the burdening of that occupation with an unconstitutional tax operates as an unlawful encroachment upon plaintiff's right to engage in that business; clearly the invasion of a property right. See 28 Am.Jur., Verbo "Injunctions", Section 74 and cases cited in support of the text; also Truax v. Corrigan, 257 U.S. 312, 42 S.Ct. 124, 66 L.Ed. 254 and Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070, 39 A.L.R. 468. Compare Osborn v. City of Shreveport, 143 La. 932, 79 So. 542, 3 A.L.R. 955.
And I have not the slightest doubt that plaintiff has no adequate remedy at law. To hold that it must violate the ordinance and subject itself or its employees to prosecution in order to test the validity of the levy is, to my mind, unreasonable as no one should be required to subject himself to the imposition of penalties in order to establish his right to engage in an admittedly lawful calling.
City of Shreveport v. Cunningham, 190 La. 481, 182 So. 649 and City of Alexandria v. Jones, 216 La. 923, 45 So.2d 79, do not support the conclusion of the majority that enforcement of the ordinance in this case does not invade the property rights of plaintiff. The business of itinerant vendor is a lawful pursuit under the assailed ordinance; *797 that occupation was prohibited by the ordinances involved in the Cunningham and Jones cases.
I respectfully dissent.
FOURNET, Chief Justice (dissenting).
The subject ordinance is palpably unconstitutional, in that it imposes a license tax greater than that levied by the state, in violation of Section 8 of Article X of the Constitution of 1921; consequently, the plaintiff here was well within its right to seek injunctional relief to prevent the city from encroaching upon or otherwise interfering with the operation of its lawful business in the City of Bogalusa, as it clearly subjected the plaintiff to irreparable injury.

On Rehearing
MOISE, Justice.
Olan Mills Incorporated of Tennessee, engaged in the business of itinerant vendor of photographs, seeks to enjoin the enforcement of Ordinance 416 of the City of Bogalusa, Louisiana, providing for the payment of a license tax of $50 for each itinerant vendor and prescribing a regulatory bond of $2,000 to secure the performance of work contracted for by customers and protect the inhabitants of the City of Bogalusa from any possible injury or damage suffered from dealing with any itinerant vendor. The ordinance sets forth that any person violating any of its provisions shall upon conviction be fined not less than $50 nor more than $100.
Venturing to supplement what has been so well said in the majority opinion on the question of the jurisdiction and power of the district court to enjoin the enforcement of the regulation enacted under the police power of the municipality, we beg to emphasize the distinction or differentiation which the capable respondent judge apparently overlooked, and that is that a preliminary injunction will not be granted unless there be found three concurring conditions, to wit: The invasion of a property right must be clearly shown; the unconstitutionality or illegality of the ordinance must be manifest; and the judge must be satisfied that the applicant is threatened with irreparable injury, against which the law, as administered in the courts vested with jurisdiction of the prosecution, affords no adequate remedy. This has been an established rule since this Court passed upon the question in the case of Le Blanc v. City of New Orleans, 138 La. 243, 70 So. 212. We have held that all three requisites must be made apparent with reasonable certainty. State ex rel. Tranchina v. City of New Orleans, 141 La. 788, 75 So. 683.
The majority opinion expressed views well worthy of consideration in this case both on the question of jurisdiction and the scope of authority of the police power ordained for the protection of the inhabitants of the community. Under no other consideration than that set forth above will the equitable arm of the district court interfere with the enforcement of the police ordinances. See, Osborn v. City of Shreveport, 143 La. 932, 79 So. 542, 3 A.L.R. 955.
The decisions of this Court have kept step with the history and development of the police power because that is the history of new forces, inventions and physical agencies of all kinds which enter into the life of communities such as the City of Bogalusa. The police power is called on to control and regulate these agencies in order that they may produce their harvest of benefits, but, being itinerant in their occupational business, may not become a means of injury to the people of a town or municipality such as Bogalusa. See, Fernandez v. Alford, 203 La. 111, 13 So.2d 483; City of Shreveport v. Schulsinger, 113 La. 9, 36 So. 870; Zerlin v. Louisiana Real Estate Board, 158 La. 111, 103 So. 528.
The greatest authority on the police power is Freund, and on Page 3, Paragraph III, The Police Power, we find as follows:
"From the mass of decisions, in which the nature of the power has been discussed, and its application either conceded or denied, it is possible to evolve at least two main attributes or *798 characteristics which differentiate the police power. It aims directly to secure and promote the public welfare; and it does so by restraint and compulsion. It will be necessary to offer a few general observations upon these two points, bearing in mind that it is not by general statements but only by detailed examination of statutes and decisions that the power can be fully understood and defined. Such an examination will show what has been done and what has been approved by experience, what has been attempted and has failed, what has been surrendered, and what is aimed at and in process of being accomplished. It will reveal the police power not as a fixed quantity, but as the expression of social, economic and political conditions. As long as these conditions vary, the police power must continue to be elasticcapable of development."
Indeed, Freund says:
"From the vagueness of the term `police,' it has been inferred that the police power is equally undefined, so much so that a recent author has gone so far as to deny its existence, treating it as a fiction and holding it equivalent to undefined supremacy."
It is a fact that every law or ordinance is presumed to be valid unless clearly shown to encroach on fundamental rights or to be repugnant to the express provisions of the Constitution. State v. Rones, 223 La. 839, 67 So.2d 98.
Ordinance 416 of the City of Bogalusa responds to the demands of new conditions that have come into the city life of Bogalusa, and this ordinance is a manifestation of the elasticity of the police power which at all times must adopt and express itself in the manner prescribed by new demands, new conditions and the new agencies and activities in every community. It states that the $50 license fee shall be compensation to the City to partially defray the expenses of enforcing the provisions of this ordinance.
In fact, so careful were the framers of the organic law in protecting the scope and extent of the police power of a town, city or the State itself that they issued an admonition to the courts which is contained in Article 19, section 18 of the Constitution of 1921 which provides that "the exercise of the police power of the State shall never be abridged."
We must remember that the City Charter of Bogalusa, Act No. 14 of 1914 as amended, granted to the Commission Council the privilege of levying license taxes of various kinds. Ordinance 416 of the City of Bogalusa imposes a license tax on the occupation of itinerant vendor of photographs. Within the regulation of the police power, it provides for the imposition of a bond in the sum of $2,000.
Freund, on Police Power, Section 40, Page 36, says:
"Bonds and Deposits: Somewhat related to the requirement of a license is that kind of bond or deposit to secure the faithful compliance of police regulation and satisfaction of liability that may arise from their violation, or to serve as a negligence fund for persons who had suffered from the fraudulent conduct of the business. As a subsidiary measure of police control, it appears to be permissible whenever a license may be required, but it is resorted to less frequently."
The Court's attention on original hearing was not referred to Article X, section 18 of the Constitution of 1921 nor Act No. 330 of 1938, LSA-R.S. 47:1575, 47:1576, 47:2110. Article X, section 18, issues a commandment to the Legislature that it:
"shall provide against the issuance of process to restrain the collection of any tax and for a complete and adequate remedy for the prompt recovery by every taxpayer of any illegal tax paid by him."
In obedience to that mandate the legislature passed Act No. 330 of 1938. Section 1 reads:

*799 "That no court of this State shall issue any process whatsoever to restrain the collection of any tax imposed by the State of Louisiana, or by any political subdivision of the State of Louisiana, under authority granted to it by the Legislature or by the Constitution."
Section 2 sets forth adequate remedies for the aggrieved taxpayer, thus affording to itinerant vendors such as Olan Mills Incorporated of Tennessee an adequate remedy at law. This act of 1938 and its provisions were upheld by a majority opinion written by Mr. Justice Hawthorne in the case of Sulka & Co. v. City of New Orleans, 208 La. 585, 23 So.2d 224.
By reason of the Sulka decision, supra, Mr. Justice Le Blanc when a judge of the Court of Appeal stated in the case of Austin v. Town of Kinder, 36 So.2d 48, 50:
"* * * The prevailing act under which plaintiff in this case had to proceed therefore, is Act No. 330 of 1938. Section 1 of that Act specifically provides `that no court of this State shall issue any process whatsoever to restrain the collection of any tax imposed by the State of Louisiana, or by any political subdivision of the State of Louisiana, under authority granted to it by the Legislature or by the Constitution.' It appears then that any one charged with the payment of a tax under a statute or an ordinance which he may consider illegal or unconstitutional cannot invoke injunctive relief from the courts to resist payment. Instead, the act further provides in sec. 2(a) a method of procedure to be followed by him, under which he must pay the amount found due and then directs the disposition to be made by the collecting officer of the amount paid to the end that it can be refunded in the event the court should eventually decide in a suit brought for recovery, that he did not owe the tax. On his part the person resisting payment shall, according to the terms of the act, `pay the amount found due by the officer designated by law for the collection of the said tax and shall give the officer notice, at the time, of his intention to file suit for the recovery of the same; * * *.' By further provision of the act, the officer designated by law for the collection of the tax, shall, upon receipt of notice of intention that suit will be filed, segregate and hold the amount paid for a period of thirty days and in the event suit is filed within that period for recovery of the amount paid, he shall continue to hold the same segregated pending the outcome of the suit."
This corporation, Olan Mills Incorporated of Tennessee, has heretofore engaged in litigation in the courts of the State of Louisiana, as shown in the suit of City of Alexandria v. Jones, 216 La. 923, 45 So.2d 79, 80. There, the City of Alexandria instituted a criminal prosecution against one of the vendors of the present corporation for the violation of Penal Ordinance No. 500 of the City of Alexandria, "regulating solicitors, peddlers, * * * itinerant merchants or transient vendors of merchandise in the City of Alexandria, Louisiana". The defendant was charged with soliciting orders from door to door. On this occasion, Olan Mills exercised the correct procedure by a defense in the court where the prosecution was instituted which challenged the right of the City of Alexandria to enact the ordinance because of its alleged unconstitutionality.
It is not necessary to pass on the contention of the alleged unconstitutionality of the Bogalusa ordinance. Such can be done if and when the restraining order tying the hands of the prosecution has been removed.
For the reasons assigned, the majority opinion sustaining the exception of no legal cause or right of action is reinstated as the judgment of this Court. Plaintiff's suit is dismissed at its cost.
LE BLANC, J., concurs with written reasons.
*800 FOURNET, C. J., concurs in the decree, being in full accord with the views expressed in Mr. Justice LE BLANC'S concurring opinion.
McCALEB, J., dissents with written reasons.
LE BLANC, Justice (concurring).
I am of the opinion that this suit is primarily one seeking to restrain the collection of a tax. That being so, I concur in that part of the opinion which holds that plaintiff should have pursued the remedy provided by Act No. 330 of 1938.
McCALEB, Justice (dissenting).
The original opinion in this case was predicated on the basis that, inasmuch as the ordinance under attack was penal in its nature, an injunction to restrain its enforcement could not be maintained because the suit did not meet the test laid down in Le Blanc v. City of New Orleans, 138 La. 243, 70 So. 212, i. e., (1) that it was palpably unconstitutional, (2) that it constituted an invasion of the complainant's property rights and (3) that it worked irreparable injury.
I took issue with those views, being of the opinion that plaintiff had brought itself within the doctrine of the Le Blanc case, and I still adhere to the convictions expressed in that dissenting opinion.
The opinion on rehearing injects into the case, for the first time, a new theory that the ordinance is not penal; that it is really a tax law and that, this being so, an injunction will not lie because, under Act No. 330 of 1938, which was passed in obedience to Section 18 of Article X of the Constitution, no process whatsoever may be entertained to restrain the collection of any tax.
If the restraint of the collection of a tax was the main purpose of this suit, I would readily agree with the majority that the action must fail. But that is not plaintiff's aim. Actually, plaintiff is seeking the aid of the courts to prevent Bogalusa from regulating its business under an ordinance which is manifestly unconstitutional.
Whereas, I have previously stated that the ordinance under attack "is not primarily a penal law", I have never regarded it to be a tax law because, in addition to the levy of a $50 license for a forty-day period for each itinerant vendor, it prescribes for the giving of a $2,000 regulatory bond to secure the performance of the work contracted for by customers. Hence, the ordinance provides for the regulation of the business and, by its stringent terms, effectually deprives itinerant vendors of the right of engaging in that pursuit in the city of Bogalusa. It was thought to have this consequence heretofore by counsel on both sides, the trial judge and this court on original hearing.
For these reasons, I respectfully dissent.