HAMITER, Justice.
On October 27, 1952, Jane A. Johnson, a district manager of Olan Mills Incorporated of Tennessee, was arrested under an affidavit, filed in the City Court of Bogalusa in Washington Parish, charging that on or about such date she “did unlawfully, maliciously and wilfully violate Ordinance No. *651 416 by being an itinerant vendor of photographs and selling and/or attempting to sell photographs in Bogalusa.”
' The ordinance, adopted by the named municipality as an emergency measure, provided for the licensing of itinerant vendors ; it regulated their sales of goods and merchandise; and it stipulated penalties for the violation, of the provisions thereof. Thereunder, Miss Johnson’s employer, Olan Mills incorporated of Tennessee, in order to solicit business in the City of Bogalusa, was required to furnish a $2,000 bond for the protection of the public (conditioned upon the faithful performance of its obligations as a transient photographer) and also to pay a license fee of $50 for each of its solicitors, receiving therefor a permit valid for a period not exceeding forty days. But it did not comply with these requirements.
Nor did Miss Johnson or her employer offer a defense in the above described criminal proceeding commenced in the Bogalusa City Court. Rather, on the day following the arrest, the employer instituted this civil action in the district court of the Parish of Washington to enjoin the enforcement of Ordinance No. 416, so as to restrain interference with its business activities, and to obtain a decree declaring such ordinance to be unconstitutional, null and void. In the petition plaintiff alleged that the ordinance violates certain provisions of the statutes and Constitution of the State of Louisiana and, further, that thereby an undue burden is imposed upon and discrimination results against interstate commerce in which petitioner is engaged. Impleaded as defendants were the City of Bogalusa and its mayor and chief of police.
On the filing of the suit the district court ordered that the defendants be temporarily restrained from proceeding with the enforcement of the ordinance and that they show cause why a preliminary writ of injunction should not issue. Thereupon, defendants moved to dissolve the temporary restraining order, urging various grounds ; and, with respect to the rule nisi, they filed exceptions to the jurisdiction ratione materiae, of no right and no cause of action, and of lis pendens. Answering, they denied that Ordinance No. 416 is illegal and prayed that the demands of plaintiffs be rejected.
After a hearing, involving both the motion to dissolve and the rule nisi, the court rendered a judgment (supported by written reasons) decreeing that Ordinance No. 416 of the City of Bogalusa is unconstitutional, null and void, and ordering that a preliminary writ of injunction issue enjoining and prohibiting the defendants from enforcing the provisions of the ordinance. This appeal followed,
Indubitably, the assailed ordinance is a regulatory measure, enforceable by a criminal penalty, in the adoption of which the municipality was attempting an exercise of its police power. This being true and in the absence of the extra *653 ordinary circumstances hereinafter discussed the district court, proceeding as a court of equity, is without right to interfere with the enforcement of it, the general rule being that courts of equity, having jurisdiction in civil matters only, have no authority to prevent by injunction the enforcement of the criminal laws of the state or the penal ordinances of a municipality. In a cause of this kind, according to our established jurisprudence, " * * * no injunction should be granted unless there be found three concurring conditions, to-wit, the invasion of a property right must be clearly shown, the unconstitutionality or illegality of the ordinance must be manifest, and the judge must be satisfied that the applicant is threatened with irreparable injury, against which the law, as administered in the courts vested with jurisdiction of the prosecution, affords no adequate remedy. If either of these conditions' is lacking, the civil district court is without jurisdiction to issue the writ.” Godfrey v. Ray, 169 La. 77, 124 So. 151, 154 and Le Blanc v. City of New Orleans, 138 La. 243, 70 So. 212.
The district judge, in ordering the preliminary writ of injunction, gave recognition to the above stated legal principles. However, he found to be satisfied the three conditions requisite for granting injunctive relief.
Whether the ordinance be valid or invalid we cannot conclude that plaintiff is threatened with irreparable injury, against which the law, as administered in the Bogalusa City Court that is vested with jurisdiction of the prosecution, affords no adequate remedy. In numerous cases involving analogous situations we held, in refusing to enjoin enforcement of penal ordinances and criminal statutes, that each of the complaining parties had ample and immediate remedy under the law, without the need of calling into exercise the equity powers of any tribunal. In some we specifically pointed out that the litigant had full opportunity to raise and have adjudicated all appropriate issues in the court in which the enforcement was sought, and, further, that he had the right of a direct appeal to the Supreme Court from the decision on those issues. Devron v. First Municipality, 4 La.Ann. 11; Levy & Company v. City of Shreveport, 27 La.Ann. 620; City of New Orleans v. Becker, 31 La.Ann. 644; Hottinger v. City of New Orleans, 42 La.Ann. 629, 8 So. 575; State v. Crozier, 50 La. Ann. 245, 23 So. 288; Boin v. Town of Jennings, 107 La. 410, 31 So. 866; Mathews v. Town of Farmerville, 121 La. 313, 46 So. 339; Louisiana Oyster & Fish Co. v. Police Jury, 126 La. 522, 52 So. 685; Osborn v. City of Shreveport, 143 La. 932, 79 So. 542, 3 A.L.R. 955.
Parenthetically, it is proper to observe that this plaintiff, prior to the arrest of its employee, might well have questioned the validity of the ordinance in an appropriate court of law under the provisions of the Uniform Declaratory Judgments Act, *655 LSA-R.S. 13:4231 et seq., adopted in 1948. As stated therein, “Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.”
Nevertheless, plaintiff now contends that it enjoys the privilege of soliciting photography business in the City of Bogalusa, such constituting a property right with respect to which it will sustain injury without adequate relief if the exercise of its calling be prevented, because ascertainment of the amount of damages to be occasioned would be impossible. This court was confronted with a similar situation in most of the cases cited supra; yet it held that the legality or applicability of the penal laws involved could not be tested in injunction proceedings initiated by the complaining parties. Thus, the respective complainants were prohibited (1) in the Devron case from selling groceries in a vegetable market, (2) in the Levy case from operating a private market, notwithstanding that a license therefor had been obtained from the state, (3) in the Becker case from maintaining a coffee house in connection with a saloon, unless and until a license tax imposed by the city be paid, (4) in the Hottinger case from continuing operations of a dairy in. a particular locality that had been established there for many years, (5) in the Boin case from operating a bar room in a municipality, even though he had paid federal, state and parish licenses for the year, (6) in the Crozier case from manufacturing or selling commercial fertilizer without complying with each and all of the requirements of the applicable state statute, (7) in the Louisiana Oyster & Fish Co. case from conducting the business of commercial fishing in the lakes and bayous of Assumption Parish, unless a seine of fifty feet or less in length be used, notwithstanding that it had secured a state license for commercial fishing in all of the waters of Louisiana, (8) in the Osborn case [143 La. 932, 79 So. 543] from maintaining and operating an undertaking shop on certain residential property, the purchase of which was contracted for subsequent to the adoption of a municipal ordinance which forbade such an enterprise "except on the business streets of the city”, and (9) in the Le Blanc and Godfrey cases from carrying passengers for fares, in vehicles on the streets of New Orleans, without furnishing a maintenance bond and complying with other requirements of the municipal ordinance.
Incidentally, with respect to the question of whether the itinerant vendor herein has a property right that will be irreparably injured by the enforcement of the alleged illegal Ordinance No. 416, our decisions in City of Shreveport v. Cunningham, 190 La. *657 481, 182 So. 649 and City of Alexandria v. Jones, 216 La. 923, 45 So.2d 79, are seemingly pertinent. In the first of these the defendant was prosecuted for violating a penal ordinance which denounced as a nuisance the practice by transient vendors and others of going in and upon private residences in the City of Shreveport and soliciting orders from the occupants thereof without their invitation so to do. In demurring to the charge defendant asserted that the Louisiana Legislature had recognized the occupation of soliciting from house to house for the sale of merchandise and had prescribed the manner in which it could be carried on by the payment of a license. Further he asserted, among other things, [190 La. 481, 182 So. 651] ‘“That said ordinance is in violation of the Constitution of the State of Louisiana and of the amendments to the Constitution of the United States, guaranteeing the personal liberties of parties * * ” Holding the ordinance to be constitutional and valid, and in answering the mentioned assertions, this court said:
“It is true that the State of Louisiana licenses peddlers. The Legislature was well aware of that fact when a new charter was granted in the City of Shreveport in 1934 with the right ‘to regulate or suppress’ peddlers as a nuisance. But we know of no law in this State that gives to a licensed peddler the right, carte blanche, to enter a private residence for the sale of his goods. Nor do we know of any authority vested in the State of Louisiana to grant to a peddler any such arbitrary or unreasonable privilege under his license regardless of the consent or invitation of the owner or the occupant.
“As no such legal right exists, the alleged deprivation of such right asserted by defendant, is not obnoxious to the liberty of contract which a peddler or solicitor may claim under either the State Constitution or the Federal Constitution * *
The above extract from the Cunningham opinion was quoted with approval in the later Jones case which involved a similar ordinance and was a criminal prosecution of an employee of the instant plaintiff who, at the time of his arrest, was engaged in soliciting orders for photographs in the City of Alexandria in behalf of such employer. Moreover, the decisions of the Cunningham and Jones cases were affirmed in the still later case of City of Alexandria v. Breard, 217 La. 820, 47 So.2d 553 that involved a like ordinance.
Of course, there are cases in our jurisprudence, factually dissimilar to those discussed above and to the instant matter, in which we concluded that the owners of unquestioned property rights clearly had no means of testing in courts of law the validity of enactments which allegedly threatened untold injury to them and that their only remedy for relief was by injunction proceedings in a court of equity. For example, in L’Hote v. City of New Orleans, 51 La.Ann. 93, 24 So. 608, 609, the plaintiff *659 sought to enjoin the enforcement of an ordinance which brought in close proximity to, his residence an area designated for houses of prostitution, he pleading the unconstitutionality of the enactment and alleging that thereby his property was rendered unfit for a family dwelling and, hence, was greatly depreciated in value. Although the plaintiff was not (and could not be) charged with violating the ordinance, the city argued that the injunction should not issue because, among other things, it was directed against the enforcement of a penal law. Respecting this argument, the court commented: “It is clear that the civil district court has no' jurisdiction to restrain prosecutions for crime confided by the law to the criminal courts. No prevention of sti-ch prosecutions is attemptedThe plaintiff seeks the injunction for the protection of his rights of property, menaced, as' he conceives, by an illegal ordinance. The right of the citizen to that protection is too clear to permit dispute, and, in our view, the petition contains all that is essential to secure relief at our hands, if the allegations in the petition are supported. * * * ” (Italics ours.) Later, in Le Blanc v. City of New Orleans, supra [138 La. 243, 70 So. 222], the court referred to the plaintiff in the L’Hote case and .said: “ * * * His case was therefore a typical one, in the respect that the ordinance was alleged to be illegal and to operate an invasion of his rights, and, as he was not to be prosecuted under it, his only remedy was to attack it in a court of civil jurisdiction, and part of that remedy was the injunction which stayed the destruction, in character and value, of his property, until the case could be decided. * * * the authority conferred by the Code of Practice (article 303) to issue an injunction * * * confers no authority to enjoin a municipality from prosecuting for violations of one of its ordinances, save in the excepted case, where there is an actual or threatened invasion of property rights, no adequate‘remedy at law, and the ordinance is (and not merely alleged to be) illegal. * * * ”
Again, in New Orleans Baseball & Amusement Co., Limited v. City of New Orleans, 118 La. 228, 42 So. 784, 7 L.R.A., N.S., 1014, the plaintiff purchased a plot of ground with the intention of erecting and operating thereon a baseball park. Some seventeen days later the council of the City of New Orleans adopted a penal ordinance prohibiting the establishing of-a baseball park in an area of which plaintiff’s property was a part. An enjoining of the threatened enforcement of this ordinance was permitted pending the attack made on it, plaintiff having had no adequate remedy in a court of law to test its validity (no violation thereof could occur without the spending and risking of a large sum in establishing and equipping the park) and rights of property having been jeopardized.
Of somewhat similar nature was the situation in Patout Brothers v. Mayor & Board of Trustees of City of New Iberia, *661 138 La. 697, 70 So. 616. Therein the plaintiffs were commencing to enlarge a building for their livery stable business when threatened with criminal prosecution under an ordinance (enacted subsequent to the establishment of the business) prohibiting the operation of a venture of that kind in the residential area unless certain required authorizations be obtained. They were granted injunctive relief because the city was interfering directly with a right to the use of their property, against which there was no adequate relief in law.
The circumstances of the instant cause, unlike those of the last mentioned three cases, are not sufficient to render inapplicable the general rule respecting injunctive relief, hereinabove enunciated. Hence, we must hold that the preliminary writ of injunction was unauthorized and was improperly issued.
For the reasons assigned the judgment of the district court is reversed and set aside, defendants’ exceptions of no right and no cause of action are now sustained, and plaintiff’s suit is dismissed at its costs.
FOURNET, C. J., dissents and will assign reasons.
McCALEB, J., dissents with written reasons.
LE BLANC, J., dissents.