McCALEB, Justice
(dissenting).
The ordinance under attack herein is not primarily a penal law; it is an ordinance imposing an occupational license upon itinerant vendors doing business in the city of Bogalusa and is plainly violative of Section 8 of Article 10 of the Constitution because the license tax imposed is greater than that levied by the State on the same occupation. Hence, none of the authorities relied on by the majority is apposite.
But, even if they were, the result reached herein is not correct in my opinion. This is because the suit fully meets the test laid down in Le Blanc v. City of New Orleans, 138 La. 243, 70 So. 212, for the issuance of an injunction in cases involving penal statutes. Since the ordinance is palpably unconstitutional, it remained only for plaintiff to show that the tax constitutes an invasion of its property rights and that, by the enforcement of the levy, it will suffer irreparable injury.
It is my view that, inasmuch as the occupation of itinerant vendor is a lawful calling in the city of Bogalusa, the burdening of that occupation with an unconstitutional tax operates as an unlawful encroachment upon plaintiff’s right to engage in that business; clearly the invasion of a property right. See 28 Am.Jur., Verbo “Injunctions”, Section 74 and cases cited in support of the text; also Truax v. Corrigan, 257 U.S. 312, 42 S.Ct. 124, 66 L.Ed. 254 and Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070, 39 *663 A.L.R. 468. Compare Osborn v. City of Shreveport, 143 La. 932, 79 So. 542, 3 A.L.R. 955.
And I have not the slightest doubt that plaintiff has no adequate remedy at law. To hold that it must violate the ordinance and subject itself or its employees to prosecution in order to test the validity of the levy is, to my mind, unreasonable as no one should be required to subject himself to the imposition of penalties in order to establish his right to engage in an admittedly lawful calling.
City of Shreveport v. Cunningham, 190 La. 481, 182 So. 649 and City of Alexandria v. Jones, 216 La. 923, 45 So.2d 79, do not support the conclusion of the majority that enforcement of the ordinance in this case does not invade the property rights of plaintiff. The business of itinerant vendor is a lawful pursuit under the assailed ordinance; that occupation was prohibited by the ordinances involved in the Cunningham and Jones cases.
I respectfully dissent.