John VONDERHAAR, Frank Haines, and Mary M. Yelverton

v.

PARISH OF ST. TAMMANY and the St. Tammany Police Jury.

Civ. A. No. 92–0006.

United States District Court, E.D. Louisiana.

Feb. 19, 1992.

Kevin Cramer O'Bryon, Rebecca Marie Olivier, Leake & Andersson, New Orleans, La., for plaintiffs.

Lane Anderson Carson, Lane Carson & Associates, Walter P. Reed, Reed & Caire, Stephen Joseph Caire, District Attorney's Office, Covington, La., for defendants.

## ORDER AND REASONS

ARCENEAUX, District Judge.

Plaintiffs, John Vonderhaar, Frank Haines, and Mary M. Yelverton, have moved for a preliminary injunction to enjoin the defendants from enforcing St. Tammany Parish Police Jury Ordinance No. 91–1535. Defendants, the Parish of St. Tammany and the St. Tammany Police Jury (collectively referred to herein as the "Parish"), have moved for dismissal in response to plaintiffs' application for the preliminary injunction. The court has heard oral argument and has carefully reviewed the pleadings, the attached papers, and the memoranda of counsel, and now rules on the

motions to dismiss and for a preliminary injunction.

## BACKGROUND

The St. Tammany Parish Police Jury passed Ordinance No. 91–1535 on December 19, 1991.[1] This ordinance prohibits certain employees in commercial or public establishments from being nude, or partially nude, and makes a violation of the ordinance punishable as a misdemeanor.

Plaintiff, John Vonderhaar, opened a cocktail bar known as "Scuttlebutt" in St. Tammany Parish near the City of Slidell on December 12, 1991. In addition to serving alcohol, Scuttlebutt features live entertainment, which includes exotic dancing by women clothed in pasties and G-strings. Frank Haines, the owner/lessor of the premises on which Scuttlebutt is located and the manager of the lounge, and Mary Michele Yelverton, a dancer employed by Scuttlebutt, also have joined in this suit as plaintiffs.

The plaintiffs commenced this action on January 2, 1992, by filing a complaint invoking the court's federal question jurisdiction.[2] 28 U.S.C. § 1331 (Supp. I 1989). Plaintiffs seek relief in the form of a permanent injunction and a declaration that the ordinance at issue violates the First and Fourteenth Amendments to the United States Constitution. In addition, the plaintiffs seek compensatory damages and attorneys fees and costs.

Judge Martin L.C. Feldman denied a motion for a temporary restraining order filed contemporaneously with the complaint. In so doing, Judge Feldman ruled that plaintiffs had failed to establish the potential for irreparable injury under Rule 65 of the Federal Rules of Civil Procedure.

Plaintiffs filed a motion for a preliminary injunction on January 7, 1992, and noticed this motion for hearing on January 22, 1992. The court subsequently granted the defendants' motion for a continuance of this hearing until February 5, 1992.

Defendants filed the instant motion to dismiss on January 28, 1992, and noticed this motion for hearing on February 19, 1992. Because the motion to dismiss involved issues pertinent to the motion for a preliminary injunction, the court entered a minute entry re-setting the hearing on defendants' motion to February 5, 1992. Counsel have filed timely oppositions to both motions.

## DISCUSSION

### I. The Motion to Dismiss

■ The defendants, in their motion to dismiss, contend that the plaintiffs have no standing to bring this action. The Parish attempts to support this contention by relying on the authority provided to states under the Twenty–First Amendment to the United States Constitution to regulate the sale and dispensing of liquor.

The court finds the lack of standing claim to be totally without merit; the plaintiffs have standing to contest the validity of the subject ordinance. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975). The United States Supreme Court, in addressing the issue of standing has noted that, at a minimum, standing requires a party who invokes a federal court's jurisdiction to show that: (1) he or she has suffered actual or threatened injury as a result of the defendant's putatively illegal conduct; (2) the injury may be fairly traced to the challenged action; and, (3) a favorable decision may redress the alleged wrong. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464,

1. The ordinance prohibits "nude or partially nude dancers, hosts, hostesses, waiters, and waitresses from commercial and public establishments located within the unincorporated areas of the parish...." St. Tammany Parish, La., Ordinance 90–1535 (Dec. 19, 1991). "Nude" or "partially nude" are defined as less than completely or opaquely covering and exposing the human genitals, pubic region, all of the buttocks area, and the female breast area below a point immediately above the top of the areola (i.e., nipple). *Id.* A violation of the ordinance is punishable as a misdemeanor.

2. On January 7, 1992, plaintiffs' counsel filed an amended complaint substituting Tracey Moore, an original plaintiff, with Mary M. Yelverton.

472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982). As applied to the instant action, the court finds the plaintiffs before it satisfy the requisites for standing. Indeed, if the present plaintiffs did not have standing, the court would be hard-pressed to imagine anyone who would.

Federal question jurisdiction exists whenever a claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (Supp. I 1989). The United States Supreme Court in *Barnes v. Glenn Theatre, Inc.,* —— U.S. ——, 111 S.Ct. 2456, 115 L.Ed.2d 504 (1991), held that "nude dancing ... is expressive conduct within the outer perimeters of the First Amendment, though we view it as only marginally so." *Id.* 111 S.Ct. at 2460. Plaintiffs have brought this suit alleging that the defendants have infringed upon their alleged First Amendment right to engage in a form of nude dancing and seek this federal court's intervention to redress injuries allegedly suffered by them.

The defendants offer misplaced arguments in support of their standing-based motion to dismiss. In essence, the defendants rely on the Twenty–First Amendment and the jurisprudence interpreting it to argue that the plaintiffs have no constitutional right to offer nude dancing in an establishment serving alcohol. *See City of Newport v. Iacobucci,* 479 U.S. 92, 107 S.Ct. 383, 93 L.Ed.2d 334 (1986); *New York State Liquor Auth. v. Bellanca,* 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed.2d 357 (1981); *Walker v. City of Kansas,* 911 F.2d 80 (8th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2234, 114 L.Ed.2d 476 (1991). The jurisprudence cited by the defendants lends credence to its arguments concerning a state's broad authority to regulate the sale of alcohol. These cases, however, do not strip a federal court of jurisdiction to hear a controversy involving an interpretation of the United States Constitution and its amendments.

The plaintiffs, therefore, have made sufficient allegations to support federal jurisdiction. For these reasons, the defendants' arguments to defeat jurisdiction fail to persuade the court.

## II. Motion for a Preliminary Injunction

The court next will address the plaintiffs' application for a preliminary injunction. In so doing, the court finds that the plaintiffs fail to meet the burden of establishing the first ground necessary for such injunction; that is, a likelihood of success on the merits.

The court previously noted that the Supreme Court in *Barnes* pronounced that nude dancing should be afforded some sort of constitutional protection. Obviously, the plaintiffs and the defendants disagree as to the extent of the constitutional protection to be afforded. In fact, the Parish apparently argues that the Twenty–First Amendment effectively negates any protection afforded nude dancing under the First Amendment where the regulation if such activity occurs incident to the sale and dispensing of alcohol.

Defendants, however, generally assert the propriety of the St. Tammany Parish Police Jury adopting the subject ordinance on two theories:

First, that it is a valid exercise of the police power of the parish, as a political subdivision of the state; and,

Second, that it is specifically authorized and validated as an aspect of state preserved power to regulate the sale and dispensing of alcoholic beverages under the Twenty–First Amendment to the United States Constitution.

The court will deal with these two theories, seriatim.

### A. The Ordinance

The ordinance at issue has two aspects: it amends Chapter 3 of the St. Tammany Parish Code of Ordinances (the "Code" or "Code of Ordinances"), in two specific areas, *and* it amends Chapter 15 of that same Code. Chapter 3 of the Code deals with, among other things, the regulation of alcoholic beverages and sets forth a detailed plan for doing so.

The ordinance works two specific amendments in Chapter 3. First, it amends article VI, by adding section 3–139.01, characterized as "disorderly conduct", which, essentially, prohibits nude dancing and de-

fines that term. The second amendment to Chapter 3 appears in article VII, by inserting section 3–176.01, which generally tracks the same language as inserted in section 3–139.01 of article VI. The two amendments are made necessary because article VI deals with regulation of liquor-dealing establishments in St. Tammany Parish Wards two and six, while article VII deals with such activities in other wards of St. Tammany Parish.

Chapter 15 appears to be the general criminal law section of the St. Tammany Parish Code of Ordinances. The ordinance amends Chapter 15 by labelling as disorderly conduct the same kind of nude dancing prohibited by virtue of the prior amendments made specifically applicable to persons selling alcoholic beverages.

It is important, therefore, that the court test both the general criminal conduct aspects and the liquor selling aspects of this ordinance, separately.

### 1. General Police Power

The court first analyzes whether the police jury exceeded its general police power in enacting this statute. It is so basic as to require no citation of authority to concede the right of a government to exercise its police power in support of its inherent obligation to protect the lives, property, and welfare of its citizens.

Louisiana law clearly permits and authorizes police juries and other parish governing authorities to exercise a number of specified powers. Section 33:1236 of the Louisiana Revised Statutes sets forth in some detail the powers that such agencies may exercise. *See* La.Rev.Stat.Ann. § 33:1236 (West 1988 & Supp.1992). The power to regulate obscenity, however, is rooted not in this statute but in a special provision of law; that is, section 14:106 E of the Louisiana Revised Statutes.

Section 14:106 of Louisiana's criminal laws establishes, defines, and penalizes the state crime of obscenity. *See* La.Rev.Stat. Ann. § 14:106 (West 1986). Subsection E grants similar authority to local governments and reads:

E. This Section does not preempt, nor shall anything in this Section be construed to preempt, the regulation of obscenity by municipalities, parishes, and consolidated city-parish governments; however, in order to promote uniform obscenity legislation throughout the state, the regulation of obscenity by municipalities, parishes, and consolidated city-parish governments shall not exceed the scope of the regulatory prohibitions contained in the provisions of this Section.

*Id.* § 14:106 E. Clearly, this special statute, while preserving the parish's authority to regulate obscenity, against what would otherwise amount to state pre-emption, also limits its power to do so.

In dealing with the general criminal aspect first, it would seem clear that, by whatever name the offense may be called, St. Tammany Parish is attempting to regulate the crime of obscenity by amending Chapter 15 of its Code of Ordinances. It may do so only under the authority, but subject to the standards, the state has set forth in section 14:106 of the Louisiana Revised Statutes. The state statutes require that such regulation be uniform, and must not exceed the scope of the regulatory prohibitions contained in the provisions of the state law that authorize parishes to deal with the offense on a local basis.

The standards of what constitutes nudity differ substantially between the state statute and the St. Tammany Parish ordinance. Specifically, the state regulatory pattern contained in section 14:106 of the Louisiana Revised Statutes requires only "pasties" for breast covering and "G-strings" for the pubic/buttocks areas. The St. Tammany Parish ordinance, however, requires the "complete or opaque covering of all of the buttocks area and of the female breast area below a point or immediately above the top of the areola."

To the extent, then, that the St. Tammany Ordinance exceeds the scope of the state regulatory statute on that same subject, the Parish has exceeded the authority granted to it by the state to regulate obscenity. The ordinance does not comply with the uniformity requirement and it ex-

ceeds the scope of the regulatory provisions of the state statute.

Section 3–176.01, dealing generally with the offense of disorderly conduct, therefore, would appear to be null and void as exceeding the authority of the St. Tammany Police Jury to enact it. Plaintiffs, however, operate an establishment serving alcohol. Thus, this court must construe the ordinance at issue as it applies to the parties before it.

2. Twenty–First Amendment Authority

The court, therefore, now turns to the other two sections of the ordinance—the alcoholic beverage sections. The Parish specifically relies on the power to regulate liquor in defending the ordinance.

First, it is beyond peradventure that the Twenty–First Amendment to the United States Constitution grants to the states power to regulate the "delivery or use therein of intoxicating liquors." *See* U.S. Const. amend. XXI, § 2; *Bellanca,* 452 U.S. at 715, 101 S.Ct. at 2600. It is also beyond peradventure that this power, while constitutionally granted to the states, may nevertheless be delegated in whole or in part by them to their political subdivisions. *Iacobucci,* 479 U.S. at 385, 107 S.Ct. at 748; *Walker,* 911 F.2d at 91–92. Louisiana has accomplished this delegation in two ways.

The court refers to the general powers granted to local governing authorities by virtue of section 33:1236(6) and section 26:493 of the Louisiana Revised Statutes. *See* La.Rev.Stat.Ann. § 33:1236 (West 1988 & Supp.1992); La.Rev.Stat.Ann. § 26:493 (West 1989). Plaintiffs would have the court read the latter-cited of these statues to require that any regulation undertaken by the parish pursuant thereto be deemed simply an exercise of one aspect of the state's police power; thus, they assert, once the ordinance is so characterized, its incidental restriction of First Amendment freedoms is subject to, and founders upon, the review and analysis of *Barnes.*

In this regard, plaintiffs point to the provision of section 26:493 of the Louisiana Revised Statutes specifying that: "No parish or municipality shall, in the exercise of its *police power,* regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety and peace." La.Rev.Stat. Ann. § 26:493 (West 1989) (emphasis added). This language, plaintiffs assert, does not constitute a delegation of Twenty–First Amendment authority, but, rather, is a grant of the state's police power, and that such grant of police power automatically triggers the standards of *Barnes.*

As noted earlier, the state's authority to regulate liquor trade and trafficking is found in the language of the Twenty–First Amendment. The United States Constitution's grant of the power enables the states to engage in that regulation; surely, then, it must be the state's delegation of a portion of that power to its political subdivisions that gives the subject Louisiana statute its life and validity.

This court refuses to compel the state to incant "Twenty–First Amendment" in order to validate delegation of one aspect of the power given it by the federal constitution. That the state has the power to regulate, that such power may be delegated, and that the state in this instance has done so cannot be weakened because the state does not specifically couple its delegation with the reference that the plaintiffs claim necessary. Indeed, the regulation of any aspect of human behavior by a governing authority is, as a practical matter, an exercise of the police power. The Twenty–First Amendment's grant of authority to exercise such power in the area of alcoholic beverages regulation is rendered no less effective by a failure of the state or the parish to use certain talismanic words.

There is ample state authority, then, for St. Tammany Parish to undertake the amendments to Chapter 3 of its Code of Ordinances, because all deal with the regulation of the sale and dispensing of alcoholic beverages within the respective areas of that parish. Having found that such regulation is authorized, and that the specific versions of Chapter 3 were enacted pursuant to such authorization, the court must turn to the merits of plaintiffs' claims.

## B. The Merits of Plaintiffs' Case

The court first observes that, under *Barnes,* nude dancing is expressive conduct within the outer parameters of the First Amendment, albeit "only marginally so." 111 S.Ct. at 2460. *Barnes* also teaches that a court "must [first] determine the level of protection to be afforded *to the express conduct at issue* and must determine whether ... [a] statute is an impermissible infringement of that protected activity." *Id.* (emphasis added). Additionally, even under the clear terms of Louisiana's authorizing statute, a parish or municipality is prohibited from exercising the delegated power in such a way as to regulate the business of selling such beverages "more than is necessary for the protection of the public health, morals, safety, and peace." La.Rev.Stat.Ann. § 26:493 (West 1989).

All of these standards generate a factual inquiry, which the court is not authorized to make on a motion to dismiss, nor is it equipped to make at this evidentiary juncture of the proceedings. Ultimate resolution of the fate of the ordinance against the factual determination mandated by *Barnes,* and the "more than is necessary" yardstick of the statute, must await another day.

The court, however, must caution the parties that none should regard its observations in this instance as indicative of its ultimate resolution. While observing that nude dancing is not without First Amendment protection, the Supreme Court has specifically warned that such dancing is only marginally within that protection. In addition, given the rationale of *Iacobucci* and the power of a state (and therefore a subdivision thereof) to ban nude dancing as part of its liquor license program, it would seem clear that a state's interest in maintaining order by prohibiting nude dancing (or nearly nude entertainment) may well fall outside the scope of the First Amendment's protection.

The court also cautions the parties that many of the cases dealing with this issue arise in the context of zoning regulations (clearly not involved here) or involve regulations prepared after specific findings developed as a result of public hearings or other appropriate proceedings. In addition, this case may well present other and less obvious concerns, such as the attempted retroactivity of essentially obscene conduct standards and accompanying due process problems.

The court today, however, only reaches the initial determination of whether plaintiffs have established a likelihood of success on the merits for the purposes of issuing a preliminary injunction. In so doing, the court finds that the Parish apparently has enacted an ordinance pursuant to constitutional authority provided to it by the State of Louisiana, which regulates conduct that may be protected by the First Amendment. It is impossible, however, to determine the degree of protection that should be afforded to the conduct at issue here without a full evidentiary hearing. For these reasons, the court finds that the plaintiffs have failed to prove a likelihood of success on the merits at this time and, consequently, fail to meet the requisites for a preliminary injunction to issue.

## CONCLUSION

The court, in conclusion, finds that it clearly has jurisdiction to hear this matter and the plaintiffs have standing to bring it. The plaintiffs, however, have not met the burden of proving a likelihood of success on the merits and, thereby, fail to persuade the court that a preliminary injunction should issue. For the reasons expressed herein, the defendants' motion to dismiss and the plaintiffs' motion for a preliminary injunction are hereby DENIED.

IT IS SO ORDERED.