SHORTESS, Judge.
Charles E. Carter and 24 other active or retired police officers, or survivors thereof (plaintiffs), filed suit against the Baton Rouge City-Parish Employees’ Retirement System and the City of Baton Rouge (defendants)[1] seeking to recover retirement benefits attributable to compensation they received while participating in an extra-duty work assignment program. In response to plaintiffs’ petition, defendants each filed peremptory exceptions of non-joinder of indispensable parties contending plaintiffs represented only a small portion of all the officers who participated in the program, and, therefore, a complete and equitable adjudication of the controversy *766 could not be made unless the other officers were joined in the suit. The trial court maintained the exceptions and ordered plaintiffs to amend their petition to add all indispensable parties. Plaintiffs subsequently filed a petition for supervisory writs to this court which was denied. Then they petitioned for supervisory writs to the Louisiana Supreme Court. The supreme court granted writs and remanded the case to us for briefing, argument, .and opinion. 597 So.2d 1018.
BACKGROUND
The present litigation stems from a prior class action suit brought against the City of Baton Rouge (City) by 588 police officers who participated in an extra-duty work program (program) administered by the Baton Rouge City Police Department. Pursuant to this program, police officers performed extra-duty guard and security work for various private businesses. The private businesses paid the City directly for the extra-duty services, and the police officers received compensation paid by the City at a fixed hourly rate. No deductions were made by the City for contributions to the Baton Rouge City-Parish Employees’ Retirement System (Retirement System), and the compensation paid by the City was not reported as part of the officers’ total compensation. The City, however, retained a portion to cover worker’s compensation insurance and administrative costs.
In the class action suit, the class members contended the work performed for the private businesses through the program was actually within the course and scope of their regular employment with the City as police officers, and, therefore, they were entitled to an accounting and recovery of the money the City had retained. In addition, class members sought overtime pay for all hours worked in excess of 40 hours of regular duty and extra duty combined.
After a hearing on the merits, the trial court ruled in favor of the class members and held they were entitled to an accounting and a recovery of overtime wages for all hours worked in excess of 40 per calendar week. The City appealed the judgment, and the parties subsequently entered into a compromise agreement while the appeal was pending.
The compromise agreement (approved by order of the court upon the joint motion of all parties) provided that the City would dismiss its appeal in consideration for the class members accepting 75% of the principal amount awarded in the judgment, plus legal interest thereon, in satisfaction of their claims. In addition, the agreement specifically provided that 8% of the total amount of additional compensation paid by the City to each class member would be withheld and paid by the City directly to the Retirement System.
In accordance with the terms of the compromise agreement, the City withheld 8% of the gross amount of the total compensation due to each class member and forwarded it to the Retirement System. The Retirement System, however, returned the 8% to the City and advised that the contributions were not due to the Retirement System because compensation for extra-duty work was not covered under the Code of Ordinances of the City of Baton Rouge and the Parish of East Baton Rouge.[2] Thereafter, the City attempted to return the 8% withheld to the members of the class.
All class members, except plaintiffs, accepted the return of the sums withheld. Plaintiffs refused to accept the tendered sums and brought this action seeking to enforce the compromise agreement which requires the City to withhold the 8% from their compensation and make payment to the Retirement System. In addition, plaintiffs seek an adjustment in their retirement allowances to reflect the total compensation earned by them for both the overtime and the extra-duty work. Alternatively, plaintiffs seek to have the compromise agreement set aside if it is determined the City has violated the terms of the agreement.
*767 FAILURE TO JOIN INDISPENSABLE PARTIES
Louisiana Code of Civil Procedure article 641 provides:
Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of an action can be made unless all indispensable parties are joined therein.
A party should be deemed indispensable only when his joinder in the litigation is absolutely necessary to protect substantial rights. Terra Development Corp. v. Southland Dragway, 442 So.2d 587 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1225 (La.1984).
The trial court found the other police officers to be indispensable parties to this action. However, after a thorough review of the record, we find no evidence to substantiate this conclusion. The exceptions were decided solely on the basis of the pleadings, memoranda, and arguments of counsel. No evidence except that pertaining to the prior litigation was submitted to show that a complete and equitable adjudication of the controversy could not be made without joining the additional parties and without affecting their rights. The jurisprudence of this state holds that a party is indispensable only when the facts clearly establish that no complete and equitable adjudication of the controversy can be made in his absence. State v. Lamar Advertising Co., 279 So.2d 671 (La.1973). Because of the lack of evidence in the record, a factual analysis of the rights of the parties and absent persons could not have been made.
The burden of proving an exception is on the party asserting it. Town of Grand Isle v. Dynamic Constructors, Inc., 374 So.2d 703 (La.App. 1st Cir.1979). We hold that defendants failed to carry their burden of proof and therefore the trial court erred in granting the exceptions.
Accordingly, the judgment of the trial court is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion and in accordance with law. Costs of appeal of $173.99 are assessed to defendants.
REVERSED AND REMANDED.

. Plaintiffs also sued the Board of Trustees of the Retirement System "and/or each Trustee individually.”

. See Code of Ordinances of the City of Baton Rouge and the Parish of East Baton Rouge 1:250-271.5.