633 So.2d 217 (1993)
John VONDERHAAR, Frank Haines, Mary Earnshaw, Paula Jerasi and Tracey Moore,
v.
PARISH OF ST. TAMMANY and St. Tammany Parish Police Jury.
No. 92 CA 1572.
Court of Appeal of Louisiana, First Circuit.
November 24, 1993.
*219 James F. Quaid, New Orleans, for plaintiffs-appellants.
Lane A. Carson and Stephen A. Caire, Covington, for defendants-appellees.
Before EDWARDS, CRAIN and LeBLANC, JJ.
CRAIN, Judge.
Plaintiffs, the owners of and "exotic" dancers in a bar, the Scuttlebutt, located in St. Tammany Parish seek to enjoin the enforcement of a local ordinance adopted by the St. Tammany Parish Police Jury which plaintiffs allege requires dancers to be more fully clothed when entertaining than required by statute and infringes on their right to freedom of expression guaranteed by article 1, section 7 of the state constitution.
Concerned residents of the Slidell area learned that the Scuttlebutt Lounge intended to feature "exotic" dancing as live entertainment. It is uncontradicted that the dancers' costumes were to consist of pasties and a "G" string in compliance with what plaintiffs allege are the minimum clothing requirements of La.R.S. 26:90 of the Alcoholic Beverage Control Law and La.R.S. 14:106, the state obscenity law. After much citizen concern was conveyed to the members of the St. Tammany Parish Police Jury (Police Jury), the Police Jury adopted Ordinance 91-1535 which amended the Code of Ordinances of St. Tammany Parish. Ordinance 91-1535 amended Section 3-139 and added Section 3-176.01 to Chapter 3. It also added an ordinance to Chapter 15 of the code. Plaintiffs filed a petition in Federal District Court seeking a temporary restraining order (which was denied for failure to establish irreparable harm); and a petition for a preliminary injunction to enjoin defendants, St. Tammany Parish (Parish) and the Police Jury from enforcing Ordinance No. 91-1535. The parish moved for a dismissal. The court denied the preliminary injunction on the grounds that plaintiffs had not met their burden of showing a likelihood of success on the merits in the trial for a permanent injunction. Vonderhaar v. Parish of St. Tammany, 784 F.Supp. 1239 (E.D.La.1992). A stay was subsequently issued in the federal proceeding. Vonderhaar v. Parish of St. Tammany, 1992 WL 161133 (E.D.La., June 23, 1992).
Plaintiffs filed a petition for a temporary restraining order in the Twenty-second Judicial District Court which was granted by the trial judge. Plaintiffs also sought injunctive and declaratory relief. Defendants filed the peremptory exception raising the objections of res judicata and no cause of action. An evidentiary hearing was held on plaintiffs' application for preliminary injunction and the peremptory exception raised by defendants. Judgment was rendered dissolving the TRO, denying the motion for preliminary injunction, denying defendants' objection of res judicata and maintaining defendants' objection of no cause of action. From this judgment plaintiffs appeal alleging as error: the denial of plaintiffs' petition for preliminary injunction; the dismissal of plaintiffs' petition for declaratory judgment on an exception of no cause of action; and the dismissal of plaintiffs' application for injunctive relief on defendants exception of no cause of action.

PRELIMINARY INJUNCTION
The ordinances as amended present separate issues for consideration.[1] Chapter 3 of the Code of Ordinances regulates the licensing and sale of alcohol in the Parish. Chapter 15 is the general criminal code which defines criminal behavior and provides the *220 appropriate penalties for violation thereof. Thus, we will consider the amendments to Chapter 3 and Chapter 15 separately.

a.) Chapter 3

Citing Barnes v. Glen Theatre, Inc., 501 U.S. 560, 111 S.Ct. 2456, 115 L.Ed.2d 504 (1991), plaintiffs contend that nude dancing is expressive behavior which is protected by the First Amendment of the United States Constitution and article 1, sec. 7 of the Louisiana Constitution of 1974. The purpose of amended Ordinances 3-139.01 and 3-176.01 is to prevent the message of eroticism and sexuality conveyed by the dancers. The Parish's attempt to regulate the attire of the dancers exceeds the regulatory standards prescribed by the state in Title 26, entitled Liquors-Alcoholic Beverages (La.R.S. 26:1-801), specifically La.R.S. 26:286 and 493 and thus constitute an improper infringement on the freedom of expression guaranteed by the state constitution.
The federal district court held that plaintiffs were not entitled to a preliminary injunction to enjoin enforcement of Ordinance 91-1535 in its amendments to Chapter 3 of the Code of Ordinances because plaintiffs failed to establish a likelihood of success on the merits in that the ordinances as amended were based on the power of the state and its political subdivisions through the Twenty-first Amendment of the United States Constitution to regulate the sale of alcoholic beverages.
In order to obtain preliminary injunctive relief the petitioner must show that he is threatened with irreparable injury, that he is entitled to the relief sought, and must make a prima facie showing that he will prevail on the merits of the case. La.C.C.P. art. 3601; Doug Reed Enterprises, Inc. v. City of Baton Rouge, 591 So.2d 733 (La.App. 1st Cir.1991). A threat of irreparable injury need not be shown when the deprivation of a constitutional right is at issue. Id. at 735. Where a threatened action of a municipality or political subdivision of the state is in direct violation of a prohibitory law, then the threatened action may be enjoined. See Louisiana Associated General Contractors, Inc. v. Calcasieu Parish School Board, 586 So.2d 1354 (La.1991).
Nude or topless barroom dancing is expressive conduct which is marginally within the ambit of protection of the First Amendment. Barnes v. Glen Theatre, Inc., 501 U.S. at ___, 111 S.Ct. at 2460. In New York State Liquor Authority v. Bellanca, 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed.2d 357 (1981) the Supreme Court upheld the constitutional validity of a state statute which prohibited nude dancing in establishments licensed by the state to sell alcoholic beverages. The statute did not provide for criminal penalties, however, its violation could have caused an establishment to lose its liquor license. The Court held:
"Whatever artistic or communicative value may attach to topless dancing is overcome by the State's exercise of its broad powers arising under the Twenty-first Amendment. Although some may quarrel with the wisdom of such legislation and may consider topless dancing a harmless diversion, the Twenty-first Amendment makes that a policy judgment for the state legislature, not the courts." Id. 501 U.S. at ___, 111 S.Ct. at 2602.
This power may be delegated by the States as they see fit. City of Newport, Kentucky v. Iacobucci, 479 U.S. 92, 107 S.Ct. 383, 93 L.Ed.2d 334 (1986).
LA. CONST. art. I, sec. 7 provides: "No law shall curtail or restrain the freedom of speech or of the press. Every person may speak, write, and publish his sentiments on any subject, but is responsible for abuse of that freedom." The history of the Constitutional Convention reveals the intent of the delegates that article 1, section 7 was to continue the form of the 1921 constitution and the substance of the United States Supreme Court constructions of the First Amendment of the United States Constitution. Hargrave, The Declaration of Rights of the Louisiana Constitution of 1974, 35 La.L.Rev. 1 (1974). Thus the construction by the Supreme Court of the ambit of protection given to nude or topless barroom dancing by the First Amendment in conjunction with the power of the state and its political subdivisions to regulate alcohol is also applicable to the freedom of expression guaranteed *221 by article 1, section 7 of the state constitution.
Our state supreme court has held that the state has the authority to regulate the sale of alcoholic or intoxicating beverages, including the time, day, person or place of their sale or distribution, City of Bogalusa v. Gullota, 181 La. 159, 159 So. 309 (1935), and that the state's regulatory authority may be delegated to its municipalities or political subdivisions, City of Lafayette v. Elias, 232 La. 700, 95 So.2d 281 (1957). It further held that municipal or parochial regulation of intoxicating beverages may be more stringent or restrictive than state law regulations if "appropriate to the necessities of the locality and that it is not in itself unreasonable." Id. at 284.
In Brousseau's Inc. v. City of Baton Rouge, 400 So.2d 1188, 1191 (La.App. 1st Cir.1981), this court held that La.R.S. 26:494 (now Section 493) grants to parishes or municipalities the authority to enact ordinances regulating the sale or distribution of alcoholic beverages "if such ordinances are necessary for the protection of the welfare of the community and even if such ordinances go beyond the provisions found in ... Title 26 or in other state laws." Although generally a municipality may not by ordinance permit what a statute forbids or forbid what a statute expressly permits, "a municipality with subordinate authority to legislate on the subject may make such new and additional regulations in furtherance of the purpose of the state law as may seem fit and appropriate to the necessities of the locality and be not in themselves unreasonable." City of Lafayette v. Elias, 95 So.2d at 283 [quoting State ex rel. Sutton v. Caldwell, 195 La. 507, 197 So. 214, 218 (1940)].
In determining the reasonableness of the regulatory laws
"[t]here must be a real and substantial relationship between the regulations imposed and the prevention of injury to the moral, social or economic welfare of the public. Regulations must be enacted pursuant to a legitimate exercise of the police power, including a respect for constitutional guarantees."
Peek v. Alcohol Beverage Control Board, 434 So.2d 1266, 1268 (La.App. 1st Cir.1983) (Citations omitted).
The state law regulating obscenity or lewd conduct or entertainment on premises selling alcoholic beverages, La.R.S. 26:286, provides in pertinent part:
A. No person holding a retail dealer's permit and no servant, agent, or employee of the permittee shall do any of the following acts upon the licensed premises:
(13) Permit any disturbance of the peace or obscenity, or any lewd, immoral, or improper entertainment, conduct, or practices on the licensed premises.
C. Acts or conduct on licensed premises in violation of this Section are deemed to constitute lewd, immoral, or improper entertainment as prohibited by this Section and therefore no on-sale permit for beverages of low alcoholic content shall be held at any premises where such conduct and acts are permitted.
D. Live entertainment is permitted on any licensed premises, except that no permittee shall permit any person to perform acts of or acts which simulate:
(3) The displaying of the pubic hair, anus, vulva, genitals, or nipple of the female breast.
H. Violation of this Section by a retail dealer's agent, associate, employee, representative, or servant shall be considered the retail dealer's act for purposes of suspension or revocation of the permit.
I. Violation of this Section is punishable as provided in R.S. 26:521 and is also sufficient cause for the suspension or revocation of a permit.
La.R.S. 26:493 authorizes political subdivisions of the state to regulate the business of wholesaling, retailing, and dealing in alcoholic beverages. It provides in part:
No parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace. Local subdivisions, in adopting these regulatory ordinances, may provide, in addition to the ordinary penalties authorized by law *222 for their violation, provisions which subject the permittee to having his permit suspended or revoked in the manner provided by law for the suspension or revocation of permits. (Emphasis ours).
La.R.S. 33:1236(6) authorizes police juries or other parish governing authorities "[t]o regulate the policing of the taverns and houses of public entertainment and shops for retailing liquors in their respective parishes..."
The amendments to Chapter 3 of the St. Tammany Code of Ordinances which are at issue read as follows:
SEC. 3-139.01 Disorderly Conduct
No person holding a retail dealer's permit, and no servant, agent, or employee of the permittee, shall participate in or allow any nude or partially nude dancer, host, hostess, waiter or waitress on the premises, whether in the capacity as an employee, entertainer, guest, invitee, patron, or otherwise.
DEFINITIONS:
"Nude" or "Partially Nude" is defined as less than completely or opaquely covered and exposing:
a) Human genitals, pubic region;
b) All of the buttocks area;
c) Female breast area below a point immediately above the top of the areola.
SEC. 3-176.01 Disorderly Conduct
No person holding a retail dealer's permit, and no servant, agent, or employee of the permittee, shall participate in or allow any nude or partially nude dancer, host, hostess, waiter or waitress on the premises, whether in the capacity as an employee, entertainer, guest, invitee, patron, or otherwise.
DEFINITIONS:
"Nude" or "Partially Nude" is defined as less than completely or opaquely covered and exposing:
a) Human genitals, pubic region;
b) All of the buttocks area;
c) Female breast area below a point immediately above the top of the areola.
After a review of the jurisprudence construing various parish and municipal ordinances which are more restrictive than that contained in Title 26 we conclude that the amendments to Chapter 3 are not in direct violation of a prohibitory law, i.e., La.R.S. 26:286 and 493.
At the hearing on the preliminary injunction the trial court viewed video tapes of the entertainment (exotic dancing) presented at the Scuttlebutt and heard testimony from several residents including a business owner, a school board member, a minister, a parent/real estate agent and a police juror who testified that the presence of a bar in the Parish which allowed nude or semi-nude dancing has an adverse impact on the moral and ethical values, family climate, property values and safety of the community. In oral reasons for judgment the trial court stated:
This court has heard witnesses, affidavits, read the briefs, viewed the videotape introduced by the plaintiffs. This videotape clearly depicts the layout of the lounge and shows patrons as well as the female performers and their dance routines. Except for a message to stir the plurient [sic] interest of patrons, all other communications are garbled to say the least. These dancers appear obsessed with the notion of bending and stooping, reveal the rectal area to such an extent as to test the strength and elasticity of their G-strings. St. Tammany Parish and the Slidell area is surrounded by rural areas of Louisiana and Mississippi. When the country boys come to town and witness the behavior of the dancers, trouble is sure to follow. The Slidell area of St. Tammany Parish remains a sleepy bedroom community for New Orleans. It is an area possessed with numerous churches and the moral standards for this community rise to a level substantially above that found on Bourbon Street in New Orleans and on the Mississippi Gulf Coast. This Court is convinced that restrictions on semi-nude dancing that are less restrictive than those contained in the St. Tammany Parish ordinance will clearly have an adverse if not devastating effect on the morals, safety and peace of this parish. The Court therefore concludes that the ordinance is constitutionally sound.
*223 Based on the facts that: article 1, section 7 of the state constitution is co-extensive with the First Amendment; the state under the Twenty-first Amendment has broad powers to regulate the sale of alcoholic beverages; there is a substantial relationship between the regulations imposed and the prevention of injury to the morals, health and welfare of the public as found by the trial court; and the restrictive provisions are not inconsistent with the intent of the legislative statutory provisions of Title 26 of the Revised Statutes, we hold the amended ordinances in question are valid exercises of the broad discretion of the Parish to regulate the sale of alcoholic beverages. The trial court did not abuse its discretion in denying the preliminary injunction regarding Chapter 3 of the Code of Ordinances. Plaintiffs failed to show the ordinances were manifestly unconstitutional and also failed to establish their likelihood of success on the merits.

b.) Chapter 15

Plaintiffs raise the same arguments regarding Chapter 15 of the Code of Ordinances as amended as they raised regarding Chapter 3. In addition, they contend the Parish is attempting to define in more restrictive terms the crime of obscenity as defined by the legislature in La.R.S. 14:106.
Chapter 15 of the Code of Ordinances provides as follows:

AMENDMENT: Chapter 15 Disorderly Conduct
No person, as owner, tenant, proprietor, landlord, manager, servant, agent, or employee, shall participate in or allow any nude or partially nude dancer, host, hostess, waiter or waitress in commercial or public establishments, whether in the capacity as an employee, entertainer, guest, invitee, patron, or otherwise.
Definitions:
"Nude" or Partially Nude" is defined as less than completely or opaquely covered and exposing:
a) Human genitals, pubic region;
b) All of the buttocks area;
c) Female breast area below a point immediately above the top of the areola.
Any violation hereof shall constitute a misdemeanor punishable under the General Provisions in Chapter 1 of the Code of Ordinances, St. Tammany Parish, Louisiana.
This amendment applies to all commercial or public establishments and is not restricted in its application to establishments licensed to sell alcoholic beverages. The prohibited behavior constitutes a misdemeanor and the ordinance provides a criminal penalty for violation thereof.
La.R.S. 14:106(A)(1) defines obscenity as the intentional:
(1) Exposure of the genitals, pubic hair, anus, vulva, or female breast nipples in any public place or place open to the public view with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive.
Subsection E provides:
E. This Section does not preempt, nor shall anything in this Section be construed to preempt, the regulation of obscenity by city-parish governments; however, in order to promote uniform obscenity legislation throughout the state, the regulation of obscenity by municipalities, parishes, and consolidated city-parish governments shall not exceed the scope of the regulatory prohibitions contained in the provisions of this Section.
The Federal District Court stated that the amendment to Chapter 15 was an attempt by the Parish to define and regulate the crime of obscenity which it was allowed to do pursuant to La.R.S. 14:106. In so doing the Parish apparently had exceeded the scope of the regulatory prohibitions contained in La. R.S. 14:106.[2] The court continued that it would construe the ordinance as it would apply to the parties involved which are owner, operator, and dancers in an establishment serving alcohol.
*224 In order to enjoin enforcement of a municipal or parish criminal ordinance enacted pursuant to its police power plaintiffs must show "(1) the statute is manifestly unconstitutional, (2) irreparable injury is threatened, and (3) existing property rights will be destroyed by enforcement." Knights of Columbus, Chapter No. 2409 v. Louisiana Department of Public Safety & Corrections, Division of State Police, 548 So.2d 936, 938 (La.1989).
In order to preserve the constitutional requirement of separation of powers Louisiana courts refrain from interfering via injunction with the prerogatives of the executive and legislative branches of government and their right to demand the enforcement of an ordinance or law in the ordinary course of a criminal judicial proceeding. Absent a showing of manifest unconstitutionality and unless plaintiffs show "the criteria making injunctive relief an extraordinary necessity, the applicability or legality of a statute forming the basis of a criminal proceeding must be tested in defending against the prosecution in criminal court...." Id. at 940.
As previously noted, the Supreme Court has stated that nude dancing is expressive conduct marginally protected by the First Amendment. Barnes v. Glen Theatre, Inc., 501 U.S. at ___, 111 S.Ct. at 2460. Likewise it is also marginally protected by article 1, section 7 of the state constitution. As in Barnes, supra, the ordinance at issue is a criminal obscenity law and its application is not restricted to regulating public indecency on premises in which alcoholic beverages are sold. However, its application in this case is to an establishment selling alcoholic beverages.
As such, we find that the obscenity ordinance is not manifestly unconstitutional despite its impingement on some expressive activity. It is within the constitutional power of the state and furthers a substantial governmental interest in protecting the morals, values and safety of the public. There may be a problem with the ordinance exceeding the scope of regulatory authority delegated to the Parish pursuant to La.R.S. 14:106(A) and (E) if applied to a non-alcohol related business. In any event plaintiffs also have not established criteria making injunctive relief an extraordinary necessity. They have not alleged nor did they produce evidence of prosecutorial harassment. Plaintiffs have also failed to show irreparable injury because:
the applicability or legality of a statute forming the basis of a criminal proceeding must be tested in defending against the prosecution in criminal court, because "[n]o citizen or member of the community is immune from prosecution, in good faith, for his alleged criminal acts." Beal v. Missouri Pac. R. Corp., 312 U.S. [45,] at 49, 61 S.Ct. [418,] at 420, 85 L.Ed. [577] at 579.
Knights of Columbus, Chapter No. 2409 v. La. Dept. of Public Safety and Corrections, Division of State Police, 548 So.2d at 940. Because plaintiffs failed to show the three prerequisites for injunctive relief as set forth in Knights of Columbus, 548 So.2d at 938 and because of the great reluctance of the courts of this state to interfere with the separation of powers provided in the constitution, we hold the trial court did not abuse its discretion in denying the preliminary injunction regarding Chapter 15.

NO CAUSE OF ACTION
In the second and third assignments of error plaintiffs contend the trial court erred in maintaining defendants' peremptory exception raising the objection of no cause of action in that the petition also stated a cause of action for a permanent injunction and declaratory judgment.
The peremptory exception raising the objection of no cause of action tests the legal sufficiency of the pleadings. The exception must be overruled when a petition states a cause of action as to any ground or portion of the demand. If a petition asserts a cause of action, but several types of relief, none of the other theories for relief may be dismissed on an exception of no cause of action where one theory is viable. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993); Pines v. Dr. Carlos D. Moreno, Inc., 569 So.2d 203 (La.App. 1st Cir.1990).
*225 A declaratory judgment action is a proper means of testing the constitutionality or applicability of an ordinance in which there is an actual controversy between the parties. Villa Del Rey Citizens Association v. City of Baton Rouge, 233 So.2d 566, (La. App. 1st Cir.1970). A declaratory judgment is available to test the validity of a criminal ordinance where a criminal prosecution has not been instituted. See Olan Mills, Inc. of Tennessee v. City of Bogalusa, 225 La. 648, 73 So.2d 791 (1954). The amendment to Chapter 15 may properly be the subject of a suit for declaratory judgment if a criminal prosecution has not been instituted, which the record does not reflect. In any event the amendments to Chapter 3 are definitely the proper subject of a declaratory judgment. Thus, pursuant to Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d at 1239 and Pines v. Dr. Carlos Moreno, Inc., 569 So.2d at 206-207, we conclude the trial court erred in maintaining the peremptory exception raising the objection of no cause of action. Having found that the petition states a cause of action for declaratory judgment, we need not address whether it states a cause of action for permanent injunction.
The trial court's and defendants' reliance on Olan Mills, Inc. of Tennessee v. City of Bogalusa, 225 La. 648, 73 So.2d 791, on rehearing, 73 So.2d 797 (1964), for dismissing the petition on the objection of no cause of action is misplaced. In Olan Mills, supra, plaintiffs sought to enjoin the enforcement of a municipal criminal ordinance after criminal proceedings had been instituted against plaintiffs. They also sought declaratory relief on the grounds that the ordinance was unconstitutional and null and void. The supreme court refused to enjoin pending criminal proceedings because the three prerequisites for enjoining the enforcement of a criminal ordinance had not been met. Once the criminal prosecution had commenced, a declaratory judgment was no longer the proper vehicle to test the constitutionality of the statute. See Olan Mills Inc. of Tennessee v. City of Bogalusa, 73 So.2d at 793.
In the case before us the action for declaratory judgment is still available to plaintiffs. Accordingly, the judgment of the district court is affirmed in denying plaintiffs' suit for a preliminary injunction. It is reversed in maintaining the exception of no cause of action in the suit for a declaratory judgment, and remanded for further proceedings. Appellants are to pay all costs.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] If Ch. 3 contained a clear criminal provision, we would analyze denial of the preliminary injunction on a procedural basis only, i.e., the basis for enjoining a criminal ordinance. It is not clear that violation of the amended provision in Ch. 3 would carry a criminal penalty. Rather, a conviction of obscenity under Ch. 15 would appear necessary. Therefore, we analyze the merits of refusing the preliminary injunction under Ch. 3. Since injunction under Ch. 3 appears not to be barred procedurally, we must necessarily leave unresolved the question of whether a permanent injunction might be appropriate. However, our view of the merits of the preliminary injunction makes that doubtful.
[2] On page 1243 of the opinion by the Federal District Court, the court apparently mistakenly referred to Section 3-176.0 rather than Chapter 15, as being null and void because it exceeded the authority delegated to the Parish by the state in La.R.S. 14:106.