hDECUIR, Judge.
This appeal arises from a class action lawsuit which challenges the statutory minimum age requirements for the purchase of state lottery tickets and the use of video poker machines. Defendants appeal the issuance of a temporary restraining order and the denial of an exception of nonjoinder. For the reasons which follow, we affirm the trial court’s ruling on the exception and vacate the temporary restraining order.
FACTS
The representative plaintiffs are a twenty-year-old resident of Louisiana who has been denied the right to purchase a lottery ticket and play video poker, a video poker licensee, and an authorized lottery retailer. Defendants are the State of Louisiana, the governor, the attorney general, and the superintendent of the state police. Pursuant to La.R.S. 13:4431, the defendants suspensively appealed the temporary restraining order issued by the trial judge enjoining the state from | genforcing the minimum age provisions. They also filed writs seeking review of the trial court’s decision to overrule their peremptory exception of nonjoinder of indispensable parties, namely, the Louisiana Gaming Control Board and the Louisiana Lottery Corporation.
La.R.S. 47:9070 and 27:319 prohibit persons under the age of twenty-one from purchasing lottery tickets and using video poker machines. Lottery retailers and video poker licensees are also prohibited from selling lottery tickets to underage patrons or allowing such patrons to use their machines. These age based regulations were promulgated by the legislature in 1998 and are to be enforced by the state police.
Plaintiffs filed suit seeking to have these statutes declared unconstitutional. They also sought injunctive relief from the enforcement of the statutes. The trial judge granted a temporary restraining order ex parte the day suit was filed which was immediately appealed suspensively to the state supreme court. Because no ruling on constitutionality had been made by the trial court, the supreme court determined it had no jurisdiction and remanded the appeal to this court. In the interim, the *821 defendants filed a peremptory exception of nonjoinder which was denied by the trial court.[1] The defendants filed supervisory writs requesting this court’s review of that ruling. The appeal and writ were consolidated, and we now address both issues.
NONJOINDER
Defendants contend the trial court erred in denying their exception of non-joinder. They contend the Louisiana Gaming Control Board and the Louisiana Lottery Corporation are indispensable parties to this litigation. We disagree.
|3The Louisiana Gaming Control Board was created in 1996 and is charged with regulating all gaming activities and operations in the state. The Louisiana Lottery Corporation was created in 1990 for the purpose of administering a state lottery. La.R.S. 47:9012 and 27:19 provide that the attorney general is the legal advisor and legal representative of these two bodies. Both the gaming board and the lottery corporation are domiciled in East Baton Rouge Parish, and the legislature has enacted exclusive venue provisions requiring actions involving those entities to be brought in the domiciliary parish. La.R.S. 47:9003 and 27:18.
The question before us is whether these legislatively created bodies must be joined in a suit seeking a judicial declaration that the minimum age requirements for participation in the state lottery and video poker games are discriminatory and therefore violative of the Louisiana constitution. The trial judge determined that joinder was not necessary and referred to La. Code Civ.P. art. 641 in discussing his findings:
With respect to the application of the statutory test, this Court specifically finds that:
[[Image here]]
2)The Gaming Board and the Louisiana Lottery Corporation are not deemed indispensable because that result is not absolutely necessary to protect substantial rights.
3) The Gaming Board and the Louisiana Lottery Corporation’s absence in this action will not prevent the complete relief sought by the plaintiffs, should they be successful.
4) The Gaming Board and the Louisiana Lottery Corporation are not so situated that adjudication of this law in their absence may impede, impair or obstruct their ability to protect their interest. They are dispensable parties.
[[Image here]]
L7) Adjudication of this matter by this Court without the Gaming Board and the Louisiana Lottery Corporation being parties will not leave the three existing party defendants subject to substantial risk of incurring multiple or inconsistent obligations.
In State v. Lamar Advertising Co., 279 So.2d 671, 677 (La.1973), the supreme court held that parties should be characterized as indispensable “only when that result is absolutely necessary to protect substantial rights.” In Carter v. Baton Rouge Par. Emp. Ret., 612 So.2d 765, 767 (La.App. 1 Cir.1992), the court reasoned that a party is indispensable “only when the facts dearly establish that no complete and equitable adjudication of the controversy can be made in his absence.” In concluding that the gaming board and the lottery corporation were not indispensable parties to the instant suit, the trial judge determined that the defendants failed to sustain their burden of proof in compliance with La.Code Civ.P. arts. 641 and 642 and these jurisprudential rules.
The gaming board and the lottery corporation are not named defendants in this suit to determine the constitutionality of La.R.S. 47:9070 and 27:319. Their legal representative, the attorney general, is a *822 named defendant. The attorney general is the proper state official to be notified and to protect the State’s interest in suits involving the constitutionality of a statute. La.R.S. 49:257(B), La.Code Civ.P. art. 1880, and La.R.S. 13:4448. The facts presented in the record do not indicate that the legislatively created governing boards have interests or rights any different from that of the named defendants. Additionally, this suit does not involve any action taken by the governing boards. For these reasons we find that the joinder of the gaming board and lottery corporation is not necessary for a just adjudication of the issues. Complete relief can be accorded among the joined parties, and the absence of the | ^governing boards does not impede or affect the State’s ability to protect their interests. See La.Code Civ.P. arts 641 and 642.
In this court’s view, the logical outcome of adding the gaming board and the lottery corporation to this litigation is three-fold: duplicitous legal effort, change of venue to East Baton Rouge Parish, and delay in the resolution of the controversy. We find the exception filed by the defendants is little more than a thinly veiled attempt to achieve these dubious goals. Accordingly, we conclude the trial judge properly overruled the defendants’ peremptory exception of nonjoinder.
TRO
We now turn to the validity of the temporary restraining order issued by the trial judge. The TRO was appealed sus-pensively on the day following its issuance; therefore, its effect has been suspended pending our decision herein. In the TRO, the court noted that irreparable damage will result with enforcement of the minimum age requirements for video poker and lottery ticket sales. We find no support for that conclusion in the record. Restrictions on the privilege to participate in the gaming industry and the vague and unspecified loss of potential profits are not examples of irreparable harm. In Bundrick v. Lafayette Par. Police Jury, 462 So.2d 1319 (La.App. 3 Cir.1985), this court affirmed the denial of injunctive relief to a business owner who was merely financially inconvenienced by the operation of an ordinance which the court had previously found to be a valid exercise of police power. Likewise, in the instant case, there are no facts showing that irreparable harm will result pending adjudication of the merits.
Plaintiffs cite Vonderhaar v. Parish of St. Tammany, 633 So.2d 217 (La.App. 1 Cir. 11/24/93), for the proposition that the threat of irreparable harm need not be shown when the deprivation of a constitutional right is at issue. The court in | gVonderhaar actually held that injunctive relief from the enforcement of a statute was not available in the absence of manifest unconstitutionality and in the absence of a prima facie showing that the plaintiffs were likely to prevail on the merits. In the instant case, the trial judge did not reach these issues.
The constitutional issues of age discrimination and violation of the individual dignity clause, which were not discussed or resolved by the trial court, are not before us. We have mentioned those considerations only peripherally in this review of a TRO and emphasize that the merits of the constitutional question must be fully considered by the trial court before an appellate court can render a decision on constitutionality.
DECREE
For the foregoing reasons, the judgment overruling the peremptory exception of nonjoinder is affirmed, the temporary restraining order is hereby dissolved and vacated, and this matter is remanded to the trial court for further proceedings. Costs are assessed equally to the plaintiffs and the defendants, in the amount of $378.00 each.
*823 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

. The defendants also took writs on the trial court's extension of the TRO. This court granted the writ and declared the extension null and void for want of jurisdiction. See W99-416, 3/26/99.