# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

ANDREW RICHARD EARLY, III

VERSUS

THE UNOPENED SUCCESSION OF
LOLALISA CLARK

NO.  2025 CW 1144

MARCH 23, 2026

---

In Re:    Andrew  Richard  Early,  III,  applying  for  supervisory
writs,  19th  Judicial  District  Court,  Parish  of  East
Baton Rouge, No. 731932.

---

**BEFORE: McCLENDON, C.J., LANIER, WOLFE, HESTER AND BALFOUR, JJ.**

**WRIT GRANTED IN PART AND DENIED IN PART.** The district court's
May 6, 2025 judgment is vacated in part.  To the extent the district
court  found  the  succession  of  Katie  King  was  a  necessary  party,
the  judgment  is  vacated.   A  party  is  indispensable  only  when  the
facts   clearly   establish   that   no   complete   and   equitable
adjudication  of  the  controversy  can  be  made  in  his  absence.  The
burden of proving an exception is on the party asserting it. **Carter
v. Baton Rouge City-Par. Employees' Ret. Sys.,** 612 So.2d 765, 767
(La.  App.  1st  Cir.  1992).   Defendant  failed  to  introduce  evidence
to  prove  the  grounds  of  its  exception  as  to  the  succession  of  Katie
King.   The  writ  is  denied  in  part  as  to  the  Unopened  Succession  of
Lolalisa Clark.   The  succession  representative  of  that  succession
is  necessary  to  a  complete  adjudication  of  the  claims  asserted
herein.   The  succession  representative  appointed  by  a  court  of
this  state  is  the  proper  defendant  in  an  action  to  enforce  an
obligation  of  the  deceased  or  of  his  succession,  while  the  latter
is  under  administration. La. Code  Civ. P. art. 734.   Louisiana
Code of Civil Procedure art. 5091(A)(1)(c) provides that the court
shall  appoint  an  attorney  to  represent  the  defendant  on  petition
or  ex  parte  written  motion  of  the  plaintiff  when  the  defendant  is
deceased  and  no  succession  representative  has  been  appointed.
Subsection  (B)  further  provides  for  the  limited  purpose  of  any
such  action  or  proceeding,  the  appointed  attorney  at  law  shall  be
the  proper  representative  of  the  succession  of  any  such  decedent
to  the  same  extent  as  if  he  were  the  regularly  appointed  and  duly
qualified  administrator  or  executor  in  such  decedent's  succession.

EW
CHH

**Balfour, J.,** concurs in part and dissents in part.  I concur
in  vacating  the  district  court's  May  6,  2025  judgment  as  to  the
succession  of  Katie  King.   However,  I  dissent  from  the  denial  of
the  writ  in  part  as  to  the  Unopened  Succession  of  Lolalisa  Clark.
The  burden  of  proving  an  exception  is  on  the  party  asserting  it.
**Carter  v.  Baton  Rouge  City-Par.  Employees'  Ret.  Sys.,** 612  So.2d
765,  767  (La.  App.  1st  Cir.  1992).   Defendant  failed  to  introduce
evidence  to  prove  the  grounds  of  its  exception.

**McClendon, C.J. and Lanier, J.,** concur in part and dissent in
part and would deny the writ in its entirety.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT